# FARNAN LLP

February 18, 2025

**VIA E-FILING**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

RE: *Adeia Technologies, Inc., et al. v. The Walt Disney Company, et al.*,
C.A. No. 24-cv-1231-MN

Dear Judge Noreika:

Pursuant to Your Honor's January 17, 2025 Oral Order (D.I. 19), enclosed is the parties' proposed Scheduling Order.  The Parties were unable to agree on a joint proposal for a limitation on hours for deposition discovery (paragraph 7(e) of the attached Scheduling Order).  The Parties' respective positions are below.

**Plaintiffs' Position**:

Plaintiffs respectfully request that each side be permitted a total of 150 hours of deposition testimony.  This limit is reasonable given the number of patents and accused infringing services at issue in the case, especially given the way the various services fit into different parts of the Defendants' overall corporate structure.  By contrast, Defendants' proposal of 70 hours per side—the default standard under the Federal Rules—fails to account for the significantly above-average complexity of this case.

Specifically, this case involves *nine* Defendants infringing claims of *six* patents through *four* different streaming services—Disney+, Hulu, Hulu Live, and ESPN+.  There are multiple Defendants involved in the management, operation, and control of each accused streaming service, with overlapping responsibilities.  *See, e.g.*, D.I. 1 ¶¶ 36–169.  Based on Plaintiffs' current understanding, each service has been developed over time by different teams, and each operates differently from the others from a technical perspective.  Additionally, the asserted patents come from five separate patent families, each covering markedly different claimed inventions relating to different aspects of the accused streaming services, from front-end user interfaces to back-end server architectures for content streaming.  Plaintiffs also expect there may be a number of third party depositions in this case.  For instance, Defendants may rely on third party vendors to assist in creating or providing the accused services, such as various content delivery network providers.

Accordingly, Plaintiffs submit that 150 hours of deposition time per side is reasonable and appropriate.

February 18, 2025
Page | 2

**<u>Defendants' Position</u>**:

Defendants respectfully request that each side be permitted a total of 70 hours of deposition testimony as provided by Rule 30 of the Federal Rules of Civil Procedure. This limit is the default standard and is presumed to be reasonable. Indeed, Federal Rule 30(a)(2)(A) requires that a party obtain leave of court or reach a stipulation before taking more than ten depositions per side. Plaintiffs' proposal of 150 hours flies in the face of that Rule by effectively requesting more than *twenty-one* depositions per side.

Plaintiffs' argument hinges on its contention that this is a complex case and its belief that the number of patents and parties involved in this action necessitates additional time. Yet, Plaintiffs have not established any rationale for demanding more than double the default standard of time. It is too early to determine the exact extent of deposition time needed in this case, but in no event should Plaintiff be afforded to waste time and resources with unnecessary depositions. Plaintiffs' request creates a significant burden on both parties and the Federal Rules of Civil Procedure already account for instances in which additional time is needed. Defendants specifically added such language into the proposed Scheduling Order (paragraph 7(e) of the attached Scheduling Order) to that effect.

Accordingly, Defendants submit that 70 hours of deposition time per side—the default standard under the Federal Rules of Civil Procedure—is reasonable and appropriate absent a demonstration of good cause by either party.

\* \* \*

The Parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (via E-Filing)