IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADEIA TECHNOLOGIES, INC., ADEIA GUIDES INC. and ADEIA MEDIA HOLDINGS LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC and ESPN, INC.,<br><br>      Defendants. | Case No. 24-cv-1231-MN |

**[PROPOSED] ORDER GOVERNING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")**

IT IS HEREBY ORDERED that:

1. **General Provisions**

    a. **Proportionality**. Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

    b. **Preservation of Discoverable Information**. A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

the party's possession, custody or control. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control. Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved or produced.

c. **Privilege:**

   i. Parties are not required to produce a privilege log of withheld information that was generated on or after November 7, 2024, and/or any withheld communications with litigation counsel. In addition, produced documents with redactions for attorney-client privilege, work product doctrine, or any other applicable protection or privilege need not be included on a privilege log, provided that the reason for the redaction appears on the redaction label, and provided the unredacted portion provides information sufficient to allow the receiving party to assess the claim of privilege.

   ii. Subject to Paragraph 1(c)(i) above, the parties will serve privilege logs for documents responsive to requests for production that are withheld for privilege or other immunities. The log of withheld documents shall be due 30 days after the substantial completion of document production. For productions made subsequent to the substantial completion date in the case, the log of withheld documents shall be due 20 days after service of the document production from which the documents were withheld. The party

     producing the log of withheld documents for productions made subsequent to the substantial completion date shall make a good-faith effort to produce the log no later than 1 week prior to any deposition of the custodian whose files the documents were produced from.

   iii. The parties recognize that the use of categorical privilege logs will reduce the time and cost associated with the preparation of privilege logs. Accordingly, the parties agree to exchange categorical privilege logs. The parties agree to provide the following fields in their privilege logs: Category Number, Date Range, Document Type(s), Authors/Recipients, Category Description, Number of Documents Withheld, and Nature of Claimed Privilege.

   iv. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

2. **Initial ESI Disclosures**. Within 30 days after this Order, each party shall disclose the eight (8) custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. Where multiple parties have overlapping custodians, each party need not serve duplicative disclosures and may instead designate overlapping custodians, except that such disclosure must identify the parties for which a particular custodian is likely to have discoverable information. If a party does not have 8 custodians likely to have discoverable information, it need only disclose the custodians (if any) likely to have discoverable information.

3. **Specific E-Discovery Issues**.

   a. **On-site inspection of electronic media**. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

   b. **De-duplication**. A party may make reasonable efforts to produce only one copy of each responsive document and a party may either (1) de-duplicate responsive ESI on a global scale as long as the producing party has the ability to, and does, provide information identifying the other custodians who possessed any given record or ESI in load files provided with the production; or (2) de-duplicate each custodian's responsive ESI and separately de-duplicate the party's non-custodial ESI.

   c. **Email Discovery**:

      i. **Timing**. The parties may delay production of emails until after specific email production requests have been propounded.

      ii. **Custodians**. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. The parties shall limit their e-mail production requests to a total of six (6) custodians. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians based on a showing of good cause, taking into account the size, complexity, and issues of this specific case.

      iii. **Number of Search Terms**. The parties shall limit e-mail production requests to a total of ten (10) search terms per custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall

        consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.

    iv.    **Content of Search Terms**.  The search terms for e-mail production shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Even when used disjunctively, the following shall count as only a single search term: foreign-language translations of a term [e.g., the term "(analysis or análisis or anàlisi)"], the names (including alternate spellings) of the parties, and the numbers of any/all patents-in-suit and corresponding application numbers.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. To the extent a producing party contends that the proposed search terms yield an unreasonable or overly burdensome number of hits, the producing party will provide a hit count and propose a revised set of search terms, and the

        producing party and requesting party will negotiate in good faith to narrow the terms.

    v.    Nothing in this Order prevents a party from voluntarily producing the e-mails of its own custodians. A party's voluntary production of e-mail from a custodian shall not operate as a waiver of any of the limitations on e-mail discovery set forth in this Order

d. **Format**.  ESI and non-ESI shall be produced to the requesting party as text searchable image files (*e.g.*, PDF or TIFF), along with load files containing all requisite information including relevant metadata. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

e. **Native files**.  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

f. **Metadata fields**.  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, All Custodian, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Bates Begin, Bates End, Bates Begin Attach, and Bates End Attach (or the equivalent thereof).

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages (such as Slack or Teams messages) and text messages.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| Dated: April 7, 2025 | Respectfully submitted, |
| FARNAN LLP | RICHARDS LAYTON & FINGER, P.A. |
| */s/ Brian E. Farnan* | */s/ Jason J. Rawnsley* |

<div style="display:flex">

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12 Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Bradley W. Caldwell
Jason D. Cassady
John Austin Curry
Brian D. Johnston
Caldwell Cassady & Curry PC
2121 N Pearl St., Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
bjohnston@caldwellcc.com

*Attorneys for Plaintiffs Adeia Technologies Inc., Adeia Guides Inc., and Adeia Media Holdings LLC*

</div>

Robert W. Whetzel (#2288)
Jason J. Rawnsley (#5379)
Gabriela Z. Monasterio (#7240)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
rawnsley@rlf.com
monasterio@rlf.com

Ryan K. Yagura
Xin-Yi Zhou
Laura Burson
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 430-6000
ryagura@omm.com
vzhou@omm.com
lburson@omm.com

Brad Berg
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
bmberg@omm.com

Khanh Leon
Patric Reinbold
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
kleon@omm.com
preinbold@omm.com

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney*

*Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc.*

**IT IS SO ORDERED** this \_\_\_ day of April, 2025.

_____
The Honorable Maryellen Noreika
United States District Judge