IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADEIA TECHNOLOGIES, INC., ADEIA GUIDES INC. and ADEIA MEDIA HOLDINGS LLC, <br>           Plaintiffs, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC and ESPN, INC., <br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 24-1231 (MN) |

## **ORDER**

At Wilmington this 12th day of September 2025:

WHEREAS, on November 7, 2024, Plaintiffs Adeia Technologies, Inc., Adeia Guides Inc., and Adeia Media Holdings LLC (collectively, "Plaintiffs") filed a patent infringement action against Defendants The Walt Disney Company, Disney Media And Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMtech, LLC, Hulu, LLC, and ESPN, Inc. (collectively, "Defendants"), alleging that Defendants infringe "one or more claims" of U.S. Patent Nos. 9,762,639 ("the '639 patent"); 8,280,987 ("the '987 patent"); 9,860,595 ("the '595 patent"); 10,165,324 ("the '324 patent"); 8,542,705 ("the '705 patent"); and 9,235,428 ("the '428 patent") (*see generally*, D.I. 1; *id.* ¶¶ 485-497, 600-606, 667-686, 749-761, 815-905);

WHEREAS, on January 16, 2025, Defendants moved under Rule 12(b)(6) to dismiss Counts III and IV of the Complaint (*see* D.I. 16) arguing that all claims of two of the asserted patents – the '595 Patent and '324 Patent – are directed to ineligible subject matter under 35 U.S.C. § 101 (D.I. 17 at 1);

WHEREAS, in *Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956, at *1 (Fed. Cir. Mar. 20, 2023), the Federal Circuit partially vacated a district court's judgment of patent ineligibility that extended to all claims of the patents-in-suit, finding that the judgment should have been limited to only the asserted claims because "the operative complaint asserted infringement of only claims 1 and 31-33 of each asserted patent, and because [defendant] did not file any counterclaim of its own (instead, it simply moved to dismiss [plaintiff]'s complaint);" and

WHEREAS, in light of the Federal Circuit's guidance and disposition in *Hantz Software*, the Court finds it inappropriate to address at the motion to dismiss stage the patent eligibility of all claims of the '595 Patent and '324 Patent, particularly where the operative pleading only asserts "one or more claims" of the '595 Patent and the '324 Patent, respectively, (D.I. 1 ¶¶ 667-686, 749-761), and Defendants have not filed any counterclaims of invalidity that challenge the patent eligibility of all claims of the '595 Patent and '324 Patent.[1]

THEREFORE, IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED without prejudice to renew, if appropriate, at a later date.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[1] The Court also notes that it is not an efficient use of time to address the patent eligibility of these claims at this stage because the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, at least some of the claims subject to Defendants' § 101 motion will not be in issue at later stages of the case (including at trial).