**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADEIA TECHNOLOGIES, INC., ADEIA GUIDES INC., AND ADEIA MEDIA HOLDINGS INC., <br><br> PLAINTIFFS, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, AND ESPN, INC., <br><br> DEFENDANTS. | C.A. NO.: 1:24-CV-01231 (MN) <br><br> JURY TRIAL DEMANDED |

## <u>DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendants The Walt Disney Company ("TWDC"), Disney Media and Entertainment Distribution LLC ("DMED"), Disney DTC LLC ("DDTC"), Disney Streaming Services LLC ("DSS"), Disney Entertainment & Sports LLC ("DES"), Disney Platform Distribution, Inc. ("DPD"), BAMTech, LLC ("BAMTech"), Hulu, LLC ("Hulu"), and ESPN, Inc. ("ESPN") (collectively, "Disney" or "Defendants") hereby submit their Amended Answer, Affirmative Defenses to the Complaint of Adeia Technologies, Inc. ("Adeia Technologies"), Adeia Guides Inc. ("Adeia Guides"), and Adeia Media Holdings Inc. (formerly known as Adeia Media Holdings LLC) ("Adeia Media Holdings") (collectively, "Adeia" or "Plaintiffs") regarding alleged patent infringement of U.S. Patent Nos. 9,762,639 ("the '639 Patent"), 8,280,987 ("the '987 Patent"), 9,860,595 ("the '595 Patent"), 10,165,324 ("the '324 Patent"), 8,542,705 ("the

'705 Patent"), and 9,235,428 ("the '428 Patent") (collectively, the "Asserted Patents"). (*See* D.I. 1.)

Disney also hereby submits its Counterclaims to Plaintiffs' Complaint. Disney denies all allegations in Adeia's Complaint unless expressly admitted in the following paragraphs. Any factual allegations admitted herein are admitted only for purposes of this matter and only as to the specific facts, but not as to any potential characterizations, conclusions, implications, or speculations which may follow from such facts. Disney's responses reflect its current knowledge, and Disney reserves the right to take further positions and/or raise additional defenses that may become apparent as a result of additional information discovered after the filing of its Amended Answer and Counterclaims.

## THE PARTIES

### A.    *Adeia*

1.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 1 and, on that basis, denies them.

2.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 2 and, on that basis, denies them.

3.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 3 and, on that basis, denies them.

4.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 4 and, on that basis, denies them.

5.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 5 and, on that basis, denies them.

6.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 6 and, on that basis, denies them.

7.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 7 and, on that basis, denies them.

8.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 8 and, on that basis, denies them.

9.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 9 and, on that basis, denies them.

10.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 10 and, on that basis, denies them.

11.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 11 and, on that basis, denies them.

12.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 12 and, on that basis, denies them.

13.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 13 and, on that basis, denies them.

14.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 14 and, on that basis, denies them.

15.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 15 and, on that basis, denies them.

16.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 16 and, on that basis, denies them.

17.      Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 17 and, on that basis, denies them.

18.      Disney lacks sufficient knowledge or information on which to form a belief as to

the allegations of Paragraph 18 and, on that basis, denies them.

19.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 19 and, on that basis, denies them.

20.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 20 and, on that basis, denies them.

21.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 21 and, on that basis, denies them.

**B.    _Defendants_**

22.    Disney admits TWDC is a Delaware corporation with a principal place of business at 500 South Buena Vista Street, Burbank, California, 91521.  Disney admits TWDC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process.  Disney denies the remaining allegations of Paragraph 22.

23.    Disney admits DMED is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.  Disney admits DMED has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process.  Disney denies the remaining allegations of Paragraph 23.

24.    Disney admits DDTC is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.  Disney admits DDTC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process.  Disney denies the remaining allegations of Paragraph 24.

25.    Disney admits DSS is a Delaware limited liability company with a principal place

of business at 500 South Buena Vista Street, Burbank, California 91521. Disney admits DSS has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. Disney denies the remaining allegations of Paragraph 25.

26.    Disney admits DES was formerly known as Disney Streaming Technology LLC and/or Disney Technology LLC. Disney admits DES is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521. Disney admits DES has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. Disney denies the remaining allegations of Paragraph 26.

27.    Disney admits DPD is a Delaware corporation with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521. Disney admits DPD has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. Disney denies the remaining allegations of Paragraph 27.

28.    Disney admits BAMTech is a Delaware limited liability company with a principal place of business in New York, New York. Disney admits BAMTech has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. Disney denies the remaining allegations of Paragraph 28.

29.    Disney admits Hulu is a Delaware limited liability company with a principal place of business at 2500 Broadway, Santa Monica, California 90404. Disney admits Hulu has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. Disney denies the remaining allegations of Paragraph 29.

30.    Disney admits ESPN is a Delaware corporation with a principal place of business at ESPN Plaza, Bristol, Connecticut 06010. Disney admits ESPN has designated Corporation

Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. Disney denies the remaining allegations of Paragraph 30.

**JURISDICTION AND VENUE**

31.     Disney admits Adeia's Complaint purports to invoke the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Disney admits, for purposes of this action only, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and/or 1338. Disney denies the remaining allegations of Paragraph 31.

32.     Disney does not dispute personal jurisdiction exists in this judicial district for purposes of this action only. Disney denies the remaining allegations of Paragraph 32.

33.     Disney does not dispute personal jurisdiction exists in this judicial district for purposes of this action only. Disney denies the remaining allegations of Paragraph 33, and specifically denies that it has committed any acts of infringement.

34.     Disney does not dispute venue is proper in this judicial district for purposes of this action only. Disney denies the remaining allegations of Paragraph 34.

**FACTUAL BACKGROUND**

35.     Paragraph 35 does not contain any factual allegations. To the extent a response is required, Disney denies all allegations of Paragraph 35, and specifically denies that it has committed any acts of infringement.

**A.**     ***Defendants' [Allegedly] Infringing Streaming Services***

36.     Disney denies all allegations of Paragraph 36, and specifically denies that it has committed any acts of infringement.

37.     Disney admits the allegations of Paragraph 37.

38.     Disney admits the allegations of Paragraph 38.

39.     Disney admits the allegations of Paragraph 39.

40.     Disney denies all allegations of Paragraph 40.

41.     Disney denies all allegations of Paragraph 41.

42.     Disney denies all allegations of Paragraph 42.

43.     Disney denies all allegations of Paragraph 43.

44.     Disney denies all allegations of Paragraph 44.

45.     Disney denies all allegations of Paragraph 45.

46.     Disney denies all allegations of Paragraph 46.

47.     Disney denies all allegations of Paragraph 47.

48.     Disney denies all allegations of Paragraph 48.

49.     Disney denies all allegations of Paragraph 49.

50.     Disney denies all allegations of Paragraph 50.

51.     Disney denies all allegations of Paragraph 51.

52.     Disney denies all allegations of Paragraph 52.

53.     Disney denies all allegations of Paragraph 53.

54.     Disney denies all allegations of Paragraph 54.

55.     Disney denies all allegations of Paragraph 55.

56.     Disney denies all allegations of Paragraph 56.

57.     Disney denies all allegations of Paragraph 57.

58.     Disney denies all allegations of Paragraph 58.

59.     Disney denies all allegations of Paragraph 59.

60.     Disney denies all allegations of Paragraph 60.

61.     Disney denies all allegations of Paragraph 61.

62.     Disney denies all allegations of Paragraph 62.

63.    Disney denies all allegations of Paragraph 63.

64.    Disney denies all allegations of Paragraph 64.

65.    Disney denies all allegations of Paragraph 65.

66.    Disney denies all allegations of Paragraph 66.

67.    Disney denies all allegations of Paragraph 67.

68.    Disney denies all allegations of Paragraph 68.

69.    Disney denies all allegations of Paragraph 69.

70.    Disney denies all allegations of Paragraph 70.

71.    Disney denies all allegations of Paragraph 71.

72.    Disney denies all allegations of Paragraph 72.

73.    Disney denies all allegations of Paragraph 73.

74.    Disney denies all allegations of Paragraph 74.

75.    Disney denies all allegations of Paragraph 75.

76.    Disney denies all allegations of Paragraph 76.

77.    Disney denies all allegations of Paragraph 77.

78.    Disney denies all allegations of Paragraph 78.

79.    Disney denies all allegations of Paragraph 79.

80.    Disney denies all allegations of Paragraph 80.

81.    Disney denies all allegations of Paragraph 81.

82.    Disney denies all allegations of Paragraph 82.

83.    Disney denies all allegations of Paragraph 83.

84.    Disney denies all allegations of Paragraph 84.

85.    Disney denies all allegations of Paragraph 85.

86.     Disney denies all allegations of Paragraph 86.

87.     Disney denies all allegations of Paragraph 87.

88.     Disney admits DDTC is responsible for certain aspects of content management and planning for Disney+.  Disney denies the remaining allegations of Paragraph 88.

89.     Disney admits DDTC is responsible for certain aspects of content management and planning for Hulu.  Disney denies the remaining allegations of Paragraph 89.

90.     Disney denies all allegations of Paragraph 90.

91.     Disney denies all allegations of Paragraph 91.

92.     Disney admits DDTC manages certain aspects of third-party media sales efforts for distribution, affiliate marketing, and affiliate-related business operations for Disney+.  Disney denies the remaining allegations of Paragraph 92.

93.     Disney admits DDTC manages certain aspects of third-party media sales efforts for distribution, affiliate marketing, and affiliate-related business operations for Hulu.  Disney denies the remaining allegations of Paragraph 93.

94.     Disney denies all allegations of Paragraph 94.

95.     Disney denies all allegations of Paragraph 95.

96.     Disney admits DDTC negotiates certain aspects of certain contracts for the distribution of certain content for Disney+.  Disney denies the remaining allegations of Paragraph 96.

97.     Disney admits DDTC negotiates certain aspects of certain contracts for the distribution of certain content for Hulu.  Disney denies the remaining allegations of Paragraph 97.

98.     Disney denies all allegations of Paragraph 98.

99.     Disney denies all allegations of Paragraph 99.

100.    Disney denies all allegations of Paragraph 100.

101.    Disney denies all allegations of Paragraph 101.

102.    Disney denies all allegations of Paragraph 102.

103.    Disney denies all allegations of Paragraph 103.

104.    Disney denies all allegations of Paragraph 104.

105.    Disney denies all allegations of Paragraph 105.

106.    Disney denies all allegations of Paragraph 106.

107.    Disney denies all allegations of Paragraph 107.

108.    Disney denies all allegations of Paragraph 108.

109.    Disney admits the allegations of Paragraph 109.

110.    Disney admits the allegations of Paragraph 110.

111.    Disney admits the allegations of Paragraph 111.

112.    Disney admits the allegations of Paragraph 112.

113.    Disney admits the allegations of Paragraph 113.

114.    Disney admits the allegations of Paragraph 114.

115.    Disney admits the allegations of Paragraph 115.

116.    Disney admits the allegations of Paragraph 116.

117.    Disney admits the allegations of Paragraph 117.

118.    Disney admits the allegations of Paragraph 118.

119.    Disney admits the allegations of Paragraph 119.

120.    Disney admits ESPN manages and operates certain aspects of ESPN+.  Disney denies the remaining allegations of Paragraph 120.

121.    Disney admits the allegations of Paragraph 121.

122.     Disney admits the allegations of Paragraph 122.

123.     Disney admits that as of the date of the Complaint, the webpage https://medium.com/disney-streaming was titled "The Art of Possible" and appeared to display Hulu, Disney+, and ESPN+ logos next to a Disney Streaming logo.  Disney denies the remaining allegations of Paragraph 123.

124.     Disney admits the webpage https://www.disneyplus.com/legal/subscriber-agreement states:  "Disney Platform Distribution, Inc., located at 500 South Buena Vista Street, Burbank, CA 91521 ('Disney+'), BAMTech, LLC, located at 50 Vandam Street, 9W, New York, NY 10013 ('ESPN+'), and Hulu, LLC, located at 2500 Broadway, 2nd Floor, Santa Monica, CA 90404 ('Hulu') are referred to collectively in this Agreement as 'we', 'us' and 'our'."  Disney denies the remaining allegations of Paragraph 124.

125.     Disney admits the webpage https://www.disneyplus.com/legal/subscriber-agreement states:  "Disney Platform Distribution, Inc., located at 500 South Buena Vista Street, Burbank, CA 91521 ('Disney+'), BAMTech, LLC, located at 50 Vandam Street, 9W, New York, NY 10013 ('ESPN+'), and Hulu, LLC, located at 2500 Broadway, 2nd Floor, Santa Monica, CA 90404 ('Hulu') are referred to collectively in this Agreement as 'we', 'us' and 'our'."  Disney denies the remaining allegations of Paragraph 125.

126.     Disney admits the webpage https://www.hulu.com/subscriber_agreement states: "Disney Platform Distribution, Inc., located at 500 South Buena Vista Street, Burbank, CA 91521 ('Disney+'), BAMTech, LLC, located at 50 Vandam Street, 9W, New York, NY 10013 ('ESPN+'), and Hulu, LLC, located at 2500 Broadway, 2nd Floor, Santa Monica, CA 90404 ('Hulu') are referred to collectively in this Agreement as 'we', 'us' and 'our'."  Disney denies the remaining allegations of Paragraph 126.

127.    Disney admits the allegations of Paragraph 127.

128.    Disney admits the allegations of Paragraph 128.

129.    Disney admits the allegations of Paragraph 129.

130.    Disney admits the allegations of Paragraph 130.

131.    Disney admits the allegations of Paragraph 131.

132.    Disney admits the allegations of Paragraph 132.

133.    Disney admits the allegations of Paragraph 133.

134.    Disney admits the allegations of Paragraph 134.

135.    Disney admits the allegations of Paragraph 135.

136.    Disney admits the allegations of Paragraph 136.

137.    Disney admits the allegations of Paragraph 137.

138.    Disney admits the allegations of Paragraph 138.

139.    Disney admits the allegations of Paragraph 139.

140.    Disney admits certain employees are shared among certain of Defendants.  Disney denies the remaining allegations of Paragraph 140.

141.    Disney admits the allegations of Paragraph 141.

142.    Disney admits the allegations of Paragraph 142.

143.    Disney admits the allegations of Paragraph 143.

144.    Disney admits subscriptions are available that include two or three of the following: Hulu, Disney+, and ESPN+.  Disney denies the remaining allegations of Paragraph 144.

145.    Disney admits subscriptions are available that include two or three of the following: Hulu, Disney+, and ESPN+.  Disney denies the remaining allegations of Paragraph 145.

146.    Disney admits the allegations of Paragraph 146.

147.    Disney admits the webpage https://thewaltdisneycompany.com/the-walt-disney-company-announces-strategic-restructuring-restoring-accountability-to-creative-businesses states: "Effective immediately, several shared-service organizations across the company will support both Disney Entertainment and ESPN, facilitating company-wide efficiencies and creating a more cost-effective, coordinated, and streamlined approach to operations. These include Product and Technology, led by Aaron LaBerge; Advertising Sales, led by Rita Ferro; and Platform Distribution led by Justin Connolly excluding Theatrical Distribution and Music, which will be overseen by Bergman." Disney denies the remaining allegations of Paragraph 147.

148.    Disney admits that as of the date of the Complaint, the webpage https://www.disneycareers.com/en/job/santa-monica/sr-software-engineer-rust-engineering/391/72468085792 stated: "DE&E Technologists are designing and building the infrastructure that will power Disney's media, advertising, and distribution businesses for years to come." Disney further admits this webpage states: "The products and platforms this group builds and operates delight millions of consumers every minute of every day – from Disney+ and Hulu, to ABC News and Entertainment, to ESPN and ESPN+, and much more." Disney denies the remaining allegations of Paragraph 148.

149.    Disney admits that as of the date of the Complaint, the webpage https://www.disneycareers.com/en/job/santa-monica/sr-software-engineer-rust-engineering/391/72468085792 stated: "Disney Entertainment and ESPN Technology (DE&E Technology) provides the technological backbone and product development for Disney's two media business units, while helping to keep the company at the vanguard of innovation – enabling the Company to continuously leverage technology to enhance storytelling and creativity, while delivering scalability, flexibility, and efficiency for its businesses." Disney denies the remaining

allegations of Paragraph 149.

150.    Disney admits that as of the date of the Complaint, the webpage https://www.disneycareers.com/en/job/new-york/senior-data-engineer-identity-data/391/71800273968 stated: "The Product & Data Engineering team is responsible for end to end development for Disney's world-class consumer-facing products, including streaming platforms Disney+, Hulu, and ESPN+, and digital products & experiences across ESPN, Marvel, Disney Studios, NatGeo, and ABC News."  Disney denies the remaining allegations of Paragraph 150.

151.    Disney admits the webpage https://www.hollywoodreporter.com/business/digital/disney-pays-900m-for-bamtech-1235271788 states: "BAMTech technology powers Disney+, Hulu and Disney's other offerings[.]" Disney denies the remaining allegations of Paragraph 151.

152.    Disney admits the allegations of Paragraph 152.

153.    Disney admits the webpage https://thewaltdisneycompany.com/the-walt-disney-company-announces-strategic-restructuring-restoring-accountability-to-creative-businesses states: "Effective immediately, several shared-service organizations across the company will support both Disney Entertainment and ESPN, facilitating company-wide efficiencies and creating a more cost-effective, coordinated, and streamlined approach to operations. These include Product and Technology, led by Aaron LaBerge; Advertising Sales, led by Rita Ferro; and Platform Distribution led by Justin Connolly excluding Theatrical Distribution and Music, which will be overseen by Bergman."  Disney denies the remaining allegations of Paragraph 153.

154.    Disney admits the allegations of Paragraph 154.

155.    Disney admits the webpage https://thewaltdisneycompany.com/the-walt-disney-

company-announces-strategic-restructuring-restoring-accountability-to-creative-businesses

states: "Effective immediately, several shared-service organizations across the company will

support both Disney Entertainment and ESPN, facilitating company-wide efficiencies and creating

a more cost-effective, coordinated, and streamlined approach to operations. These include Product

and Technology, led by Aaron LaBerge; Advertising Sales, led by Rita Ferro; and Platform

Distribution led by Justin Connolly excluding Theatrical Distribution and Music, which will be

overseen by Bergman." Disney denies the remaining allegations of Paragraph 155.

156.    Disney admits the allegations of paragraph 156.

157.    Disney admits Aaron LaBerge previously served as the president and chief

technology officer of Disney Entertainment and ESPN. Disney denies the remaining allegations

of Paragraph 157.

158.    Disney admits The Walt Disney Company's Disney Entertainment segment

includes Disney+ and Hulu, and that the ESPN business segment includes ESPN+. Disney denies

the remaining allegations of Paragraph 158.

159.    Disney admits the webpage https://theorg.com/org/disney/org-chart/justin-

connolly states: "As President of Disney Platform Distribution, Justin Connolly oversees all third-

party media sales efforts for distribution, distribution strategy, affiliate marketing and affiliate-

related business operations for all of the Company's direct-to-consumer services and linear media

networks; content sales agreements for General Entertainment, Studios and Sports; as well as

global theatrical film distribution and the Disney Music Group." Disney further admits the

webpage        https://thewaltdisneycompany.com/the-walt-disney-company-announces-strategic-

restructuring-restoring-accountability-to-creative-businesses states: "Effective immediately,

several shared-service organizations across the company will support both Disney Entertainment

and ESPN, facilitating company-wide efficiencies and creating a more cost-effective, coordinated, and streamlined approach to operations. These include Product and Technology, led by Aaron LaBerge; Advertising Sales, led by Rita Ferro; and Platform Distribution led by Justin Connolly excluding Theatrical Distribution and Music, which will be overseen by Bergman." Disney denies the remaining allegations of Paragraph 159.

160.    Disney admits the website https://press.hulu.com/bios/joe-earley states: "Joe Earley is the President of Direct-to-Consumer, Disney Entertainment, where he leads efforts to expand and elevate the company's best-in-class streaming services, utilizing the impactful and resonant programming and engagement offerings across Disney+ and Hulu." Disney denies the remaining allegations of Paragraph 160.

161.    Disney denies all allegations of Paragraph 161.

162.    Disney admits the webpage https://press.disneyplus.com/news/alisa-bowen-named-president-of-disney-plus states: "Alisa Bowen has been named President of Disney+, effective immediately. . . . Bowen has led global business operations for Disney's streaming platforms, including Disney+, since its launch in 2019. . . . Bowen will work closely with key leaders across The Walt Disney Company to drive continued focus on innovation, including the forthcoming launch of the advertising-supported tier, as well as multi-channel promotional support for Disney+ and its robust content slate. . . . She most recently served as EVP of Global Business Operations for Disney Streaming, overseeing global content and business operations for the Company's direct-to-consumer video streaming businesses, Disney+, Hulu, ESPN+, and Star+." Disney denies the remaining allegations of Paragraph 162.

163.    Disney admits Michael Paull is a former President of Disney Streaming. Disney further admits the website https://www.forbes.com/sites/megandubois/2022/01/20/disney-

announces-executives-for-its-disney-media-and-entertainment-segment/?sh=49a43e8c41f7

states: "Michael Paull, the executive who helped launch the company's ESPN+ has been promoted to a newly created role of President, Disney Streaming. He will be responsible for Disney+, Hulu, ESPN+, and Star+." Disney denies the remaining allegations of Paragraph 163.

164.    Disney admits the allegations of Paragraph 164.

165.    Disney admits the allegations of Paragraph 165.

166.    Disney admits the websites https://plus.espn.com and https://www.disneyplus.com include text that reads "Privacy Policy" and that is a link to the webpage https://privacy.thewaltdisneycompany.com/en.    Disney denies the remaining allegations of Paragraph 166.

167.    Disney admits the allegations of Paragraph 167.

168.    Disney admits that the https://www.disneycareers.com website has included job postings for Hulu.  The specific webpage https://www.disneycareers.com/en/job/-/senior-content-acquisition-associate/391/72473635376 is inaccessible and its associated job posting is no longer available, and thus Disney denies allegations specific to this job posting.  Disney denies the remaining allegations of Paragraph 168.

169.    Disney admits that the https://www.disneycareers.com website has included job postings for Disney Streaming Technology LLC.    The specific webpage https://www.disneycareers.com/en/job/-/sr-software-engineer/391/72137052336  is inaccessible and its associated job posting is no longer available, and thus Disney denies allegations specific to this job posting.  Disney denies the remaining allegations of Paragraph 169.

**B.    _Certain Defendants Are [Allegedly] Agents of One Another_**

170.    Paragraph 170 solely expresses legal conclusions and therefore does not require a

response.  To the extent a response is required, Disney denies all allegations of Paragraph 170.

171.    Paragraph 171 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 171.

172.    Paragraph 172 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 172.

173.    Paragraph 173 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 173.

174.    Paragraph 174 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 174.

175.    Paragraph 175 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 175.

176.    Paragraph 176 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 176.

177.    Paragraph 177 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 177.

178.    Paragraph 178 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 178.

179.    Paragraph 179 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 179.

180.    Paragraph 180 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 180.

181.    Paragraph 181 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 181.

182.    Paragraph 182 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 182.

183.    Paragraph 183 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 183.

184.    Paragraph 184 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 184.

185.    Paragraph 185 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 185.

186.    Paragraph 186 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 186.

187.    Paragraph 187 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 187.

188.    Paragraph 188 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 188.

189.    Paragraph 189 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 189.

190.    Paragraph 190 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 190.

191.    Paragraph 191 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 191.

192.    Paragraph 192 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 192.

193.    Paragraph 193 solely expresses legal conclusions and therefore does not require a

response.  To the extent a response is required, Disney denies all allegations of Paragraph 193.

194.    Paragraph 194 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 194.

195.    Paragraph 195 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 195.

196.    Paragraph 196 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney denies all allegations of Paragraph 196.

**C.    _The Walt Disney Company's [Alleged] Vicarious Liability_**

197.    Disney denies all allegations of Paragraph 197, and specifically denies that it has committed any acts of infringement.

198.    Disney denies all allegations of Paragraph 198, and specifically denies that it has committed any acts of infringement.

199.    Disney denies all allegations of Paragraph 199, and specifically denies that it has committed any acts of infringement.

200.    Disney admits the allegations of Paragraph 200.

201.    Disney denies that DMED has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 201, and specifically denies that it has committed any acts of infringement.

202.    Disney denies that DMED has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 202, and specifically denies that it has committed any acts of infringement.

203.    Disney denies all allegations of Paragraph 203, and specifically denies that it has committed any acts of infringement.

204.    Disney denies all allegations of Paragraph 204, and specifically denies that it has committed any acts of infringement.

205.    Disney denies all allegations of Paragraph 205, and specifically denies that it has committed any acts of infringement.

206.    Disney denies all allegations of Paragraph 206, and specifically denies that it has committed any acts of infringement.

207.    Disney admits the allegations of Paragraph 207.

208.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 208, and specifically denies that it has committed any acts of infringement.

209.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 209, and specifically denies that it has committed any acts of infringement.

210.    Disney denies all allegations of Paragraph 210, and specifically denies that it has committed any acts of infringement.

211.    Disney denies all allegations of Paragraph 211, and specifically denies that it has committed any acts of infringement.

212.    Disney denies all allegations of Paragraph 212, and specifically denies that it has committed any acts of infringement.

213.    Disney denies all allegations of Paragraph 213, and specifically denies that it has committed any acts of infringement.

214.    Disney admits the allegations of Paragraph 214.

215.    Disney denies that DSS has engaged in any infringing activities.  Disney denies the

remaining allegations of Paragraph 215, and specifically denies that it has committed any acts of infringement.

216.    Disney denies that DSS has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 216, and specifically denies that it has committed any acts of infringement.

217.    Disney denies all allegations of Paragraph 217, and specifically denies that it has committed any acts of infringement.

218.    Disney denies all allegations of Paragraph 218, and specifically denies that it has committed any acts of infringement.

219.    Disney denies all allegations of Paragraph 219, and specifically denies that it has committed any acts of infringement.

220.    Disney denies all allegations of Paragraph 220, and specifically denies that it has committed any acts of infringement.

221.    Disney admits the allegations of Paragraph 221.

222.    Disney denies that DES has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 222, and specifically denies that it has committed any acts of infringement.

223.    Disney denies that DES has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 223, and specifically denies that it has committed any acts of infringement.

224.    Disney denies all allegations of Paragraph 224, and specifically denies that it has committed any acts of infringement.

225.    Disney denies all allegations of Paragraph 225, and specifically denies that it has

committed any acts of infringement.

226.    Disney denies all allegations of Paragraph 226, and specifically denies that it has committed any acts of infringement.

227.    Disney denies all allegations of Paragraph 227, and specifically denies that it has committed any acts of infringement.

228.    Disney admits the allegations of Paragraph 228.

229.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 229, and specifically denies that it has committed any acts of infringement.

230.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 230, and specifically denies that it has committed any acts of infringement.

231.    Disney denies all allegations of Paragraph 231, and specifically denies that it has committed any acts of infringement.

232.    Disney denies all allegations of Paragraph 232, and specifically denies that it has committed any acts of infringement.

233.    Disney denies all allegations of Paragraph 233, and specifically denies that it has committed any acts of infringement.

234.    Disney denies all allegations of Paragraph 234, and specifically denies that it has committed any acts of infringement.

235.    Disney admits the allegations of Paragraph 235.

236.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 236, and specifically denies that it has committed

any acts of infringement.

237.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 237, and specifically denies that it has committed any acts of infringement.

238.    Disney denies all allegations of Paragraph 238, and specifically denies that it has committed any acts of infringement.

239.    Disney denies all allegations of Paragraph 239, and specifically denies that it has committed any acts of infringement.

240.    Disney denies all allegations of Paragraph 240, and specifically denies that it has committed any acts of infringement.

241.    Disney denies all allegations of Paragraph 241, and specifically denies that it has committed any acts of infringement.

242.    Disney admits the allegations of Paragraph 242.

243.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 243, and specifically denies that it has committed any acts of infringement.

244.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 244, and specifically denies that it has committed any acts of infringement.

245.    Disney denies all allegations of Paragraph 245, and specifically denies that it has committed any acts of infringement.

246.    Disney denies all allegations of Paragraph 246, and specifically denies that it has committed any acts of infringement.

247.    Disney denies all allegations of Paragraph 247, and specifically denies that it has committed any acts of infringement.

248.    Disney denies all allegations of Paragraph 248, and specifically denies that it has committed any acts of infringement.

249.    Disney admits the allegations of Paragraph 249.

250.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 250, and specifically denies that it has committed any acts of infringement.

251.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 251, and specifically denies that it has committed any acts of infringement.

252.    Disney denies all allegations of Paragraph 252, and specifically denies that it has committed any acts of infringement.

**D.    _Disney Media and Entertainment Distribution LLC's [Alleged] Vicarious Liability_**

253.    Disney denies all allegations of Paragraph 253, and specifically denies that it has committed any acts of infringement.

254.    Disney denies all allegations of Paragraph 254, and specifically denies that it has committed any acts of infringement.

255.    Disney denies all allegations of Paragraph 255, and specifically denies that it has committed any acts of infringement.

256.    Disney denies all allegations of Paragraph 256.

257.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 257, and specifically denies that it has committed any acts of

infringement.

258.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 258, and specifically denies that it has committed any acts of infringement.

259.    Disney denies all allegations of Paragraph 259, and specifically denies that it has committed any acts of infringement.

260.    Disney denies all allegations of Paragraph 260, and specifically denies that it has committed any acts of infringement.

261.    Disney denies all allegations of Paragraph 261, and specifically denies that it has committed any acts of infringement.

262.    Disney denies all allegations of Paragraph 262, and specifically denies that it has committed any acts of infringement.

263.    Disney denies all allegations of Paragraph 263.

264.    Disney denies that DSS has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 264, and specifically denies that it has committed any acts of infringement.

265.    Disney denies that DSS has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 265, and specifically denies that it has committed any acts of infringement.

266.    Disney denies all allegations of Paragraph 266, and specifically denies that it has committed any acts of infringement.

267.    Disney denies all allegations of Paragraph 267, and specifically denies that it has committed any acts of infringement.

268.    Disney denies all allegations of Paragraph 268, and specifically denies that it has committed any acts of infringement.

269.    Disney denies all allegations of Paragraph 269, and specifically denies that it has committed any acts of infringement.

270.    Disney denies all allegations of Paragraph 270.

271.    Disney denies that DES has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 271, and specifically denies that it has committed any acts of infringement.

272.    Disney denies that DES has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 272, and specifically denies that it has committed any acts of infringement.

273.    Disney denies all allegations of Paragraph 273, and specifically denies that it has committed any acts of infringement.

274.    Disney denies all allegations of Paragraph 274, and specifically denies that it has committed any acts of infringement.

275.    Disney denies all allegations of Paragraph 275, and specifically denies that it has committed any acts of infringement.

276.    Disney denies all allegations of Paragraph 276, and specifically denies that it has committed any acts of infringement.

277.    Disney denies all allegations of Paragraph 277.

278.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 278, and specifically denies that it has committed any acts of infringement.

279.     Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 279, and specifically denies that it has committed any acts of infringement.

280.     Disney denies all allegations of Paragraph 280, and specifically denies that it has committed any acts of infringement.

281.     Disney denies all allegations of Paragraph 281, and specifically denies that it has committed any acts of infringement.

282.     Disney denies all allegations of Paragraph 282, and specifically denies that it has committed any acts of infringement.

283.     Disney denies all allegations of Paragraph 283, and specifically denies that it has committed any acts of infringement.

284.     Disney denies all allegations of Paragraph 284.

285.     Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 285, and specifically denies that it has committed any acts of infringement.

286.     Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 286, and specifically denies that it has committed any acts of infringement.

287.     Disney denies all allegations of Paragraph 287, and specifically denies that it has committed any acts of infringement.

288.     Disney denies all allegations of Paragraph 288, and specifically denies that it has committed any acts of infringement.

289.     Disney denies all allegations of Paragraph 289, and specifically denies that it has

committed any acts of infringement.

290.    Disney denies all allegations of Paragraph 290, and specifically denies that it has committed any acts of infringement.

291.    Disney denies all allegations of Paragraph 291.

292.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 292, and specifically denies that it has committed any acts of infringement.

293.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 293, and specifically denies that it has committed any acts of infringement.

294.    Disney denies all allegations of Paragraph 294, and specifically denies that it has committed any acts of infringement.

295.    Disney denies all allegations of Paragraph 295, and specifically denies that it has committed any acts of infringement.

296.    Disney denies all allegations of Paragraph 296, and specifically denies that it has committed any acts of infringement.

297.    Disney denies all allegations of Paragraph 297, and specifically denies that it has committed any acts of infringement.

298.    Disney denies all allegations of Paragraph 298.

299.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 299, and specifically denies that it has committed any acts of infringement.

300.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies

the remaining allegations of Paragraph 300, and specifically denies that it has committed any acts of infringement.

301.    Disney denies all allegations of Paragraph 301, and specifically denies that it has committed any acts of infringement.

E.    ***Disney Streaming Services LLC's [Alleged] Vicarious Liability***

302.    Disney denies all allegations of Paragraph 302, and specifically denies that it has committed any acts of infringement.

303.    Disney denies all allegations of Paragraph 303, and specifically denies that it has committed any acts of infringement.

304.    Disney denies all allegations of Paragraph 304, and specifically denies that it has committed any acts of infringement.

305.    Disney admits the allegations of Paragraph 305.

306.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 306, and specifically denies that it has committed any acts of infringement.

307.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 307, and specifically denies that it has committed any acts of infringement.

308.    Disney denies all allegations of Paragraph 308, and specifically denies that it has committed any acts of infringement.

309.    Disney denies all allegations of Paragraph 309, and specifically denies that it has committed any acts of infringement.

310.    Disney denies all allegations of Paragraph 310, and specifically denies that it has

committed any acts of infringement.

311.    Disney denies all allegations of Paragraph 311, and specifically denies that it has committed any acts of infringement.

312.    Disney admits the allegations of Paragraph 312.

313.    Disney denies that DES has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 313, and specifically denies that it has committed any acts of infringement.

314.    Disney denies that DES has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 314, and specifically denies that it has committed any acts of infringement.

315.    Disney denies all allegations of Paragraph 315, and specifically denies that it has committed any acts of infringement.

316.    Disney denies all allegations of Paragraph 316, and specifically denies that it has committed any acts of infringement.

317.    Disney denies all allegations of Paragraph 317, and specifically denies that it has committed any acts of infringement.

318.    Disney denies all allegations of Paragraph 318, and specifically denies that it has committed any acts of infringement.

319.    Disney admits the allegations of Paragraph 319.

320.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 320, and specifically denies that it has committed any acts of infringement.

321.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies

the remaining allegations of Paragraph 321, and specifically denies that it has committed any acts of infringement.

322.    Disney denies all allegations of Paragraph 322, and specifically denies that it has committed any acts of infringement.

323.    Disney denies all allegations of Paragraph 323, and specifically denies that it has committed any acts of infringement.

324.    Disney denies all allegations of Paragraph 324, and specifically denies that it has committed any acts of infringement.

325.    Disney denies all allegations of Paragraph 325, and specifically denies that it has committed any acts of infringement.

326.    Disney denies all allegations of Paragraph 326.

327.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 327, and specifically denies that it has committed any acts of infringement.

328.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 328, and specifically denies that it has committed any acts of infringement.

329.    Disney denies all allegations of Paragraph 329, and specifically denies that it has committed any acts of infringement.

330.    Disney denies all allegations of Paragraph 330, and specifically denies that it has committed any acts of infringement.

331.    Disney denies all allegations of Paragraph 331, and specifically denies that it has committed any acts of infringement.

332.    Disney denies all allegations of Paragraph 332, and specifically denies that it has committed any acts of infringement.

333.    Disney denies all allegations of Paragraph 333.

334.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 334, and specifically denies that it has committed any acts of infringement.

335.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 335, and specifically denies that it has committed any acts of infringement.

336.    Disney denies all allegations of Paragraph 336, and specifically denies that it has committed any acts of infringement.

337.    Disney denies all allegations of Paragraph 337, and specifically denies that it has committed any acts of infringement.

338.    Disney denies all allegations of Paragraph 338, and specifically denies that it has committed any acts of infringement.

339.    Disney denies all allegations of Paragraph 339, and specifically denies that it has committed any acts of infringement.

340.    Disney denies all allegations of Paragraph 340.

341.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 341, and specifically denies that it has committed any acts of infringement.

342.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 342, and specifically denies that it has committed any acts

of infringement.

343.    Disney denies all allegations of Paragraph 343, and specifically denies that it has committed any acts of infringement.

**F.    _Disney Entertainment & Sports LLC's [Alleged] Vicarious Liability_**

344.    Disney denies all allegations of Paragraph 344, and specifically denies that it has committed any acts of infringement.

345.    Disney denies all allegations of Paragraph 345, and specifically denies that it has committed any acts of infringement.

346.    Disney denies all allegations of Paragraph 346, and specifically denies that it has committed any acts of infringement.

347.    Disney denies all allegations of Paragraph 347.

348.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 348, and specifically denies that it has committed any acts of infringement.

349.    Disney denies that DPD has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 349, and specifically denies that it has committed any acts of infringement.

350.    Disney denies all allegations of Paragraph 350, and specifically denies that it has committed any acts of infringement.

351.    Disney denies all allegations of Paragraph 351, and specifically denies that it has committed any acts of infringement.

352.    Disney denies all allegations of Paragraph 352, and specifically denies that it has committed any acts of infringement.

353.    Disney denies all allegations of Paragraph 353, and specifically denies that it has committed any acts of infringement.

354.    Disney denies all allegations of Paragraph 354.

355.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 355, and specifically denies that it has committed any acts of infringement.

356.    Disney denies that DDTC has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 356, and specifically denies that it has committed any acts of infringement.

357.    Disney denies all allegations of Paragraph 357, and specifically denies that it has committed any acts of infringement.

358.    Disney denies all allegations of Paragraph 358, and specifically denies that it has committed any acts of infringement.

359.    Disney denies all allegations of Paragraph 359, and specifically denies that it has committed any acts of infringement.

360.    Disney denies all allegations of Paragraph 360, and specifically denies that it has committed any acts of infringement.

361.    Disney denies all allegations of Paragraph 361.

362.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 362, and specifically denies that it has committed any acts of infringement.

363.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 363, and specifically denies that it has committed

any acts of infringement.

364.    Disney denies all allegations of Paragraph 364, and specifically denies that it has committed any acts of infringement.

365.    Disney denies all allegations of Paragraph 365, and specifically denies that it has committed any acts of infringement.

366.    Disney denies all allegations of Paragraph 366, and specifically denies that it has committed any acts of infringement.

367.    Disney denies all allegations of Paragraph 367, and specifically denies that it has committed any acts of infringement.

368.    Disney denies all allegations of Paragraph 368.

369.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 369, and specifically denies that it has committed any acts of infringement.

370.    Disney denies that Hulu has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 370, and specifically denies that it has committed any acts of infringement.

371.    Disney denies all allegations of Paragraph 371, and specifically denies that it has committed any acts of infringement.

372.    Disney denies all allegations of Paragraph 372, and specifically denies that it has committed any acts of infringement.

373.    Disney denies all allegations of Paragraph 373, and specifically denies that it has committed any acts of infringement.

374.    Disney denies all allegations of Paragraph 374, and specifically denies that it has

committed any acts of infringement.

375.    Disney denies all allegations of Paragraph 375.

376.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 376, and specifically denies that it has committed any acts of infringement.

377.    Disney denies that ESPN has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 377, and specifically denies that it has committed any acts of infringement.

378.    Disney denies all allegations of Paragraph 378, and specifically denies that it has committed any acts of infringement.

G.    **ESPN, Inc.'s [Alleged] Vicarious Liability**

379.    Disney denies all allegations of Paragraph 379, and specifically denies that it has committed any acts of infringement.

380.    Disney denies all allegations of Paragraph 380, and specifically denies that it has committed any acts of infringement.

381.    Disney denies all allegations of Paragraph 381, and specifically denies that it has committed any acts of infringement.

382.    Disney admits the allegations of Paragraph 382.

383.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 383, and specifically denies that it has committed any acts of infringement.

384.    Disney denies that BAMTech has engaged in any infringing activities.  Disney denies the remaining allegations of Paragraph 384, and specifically denies that it has committed

any acts of infringement.

385.     Disney denies all allegations of Paragraph 385, and specifically denies that it has committed any acts of infringement.

**H.    *Defendants' [Alleged] Actions to [Allegedly] Induce Infringement***

386.     Disney denies all allegations of Paragraph 386, and specifically denies that it has committed any acts of infringement.

387.     Disney denies all allegations of Paragraph 387, and specifically denies that it has committed any acts of infringement.

388.     Disney denies all allegations of Paragraph 388, and specifically denies that it has committed any acts of infringement.

389.     Disney denies all allegations of Paragraph 389, and specifically denies that it has committed any acts of infringement.

390.     Disney denies all allegations of Paragraph 390, and specifically denies that it has committed any acts of infringement.

391.     Disney denies all allegations of Paragraph 391, and specifically denies that it has committed any acts of infringement.

392.     Disney denies all allegations of Paragraph 392, and specifically denies that it has committed any acts of infringement.

393.     Disney denies all allegations of Paragraph 393, and specifically denies that it has committed any acts of infringement.

394.     Disney denies all allegations of Paragraph 394, and specifically denies that it has committed any acts of infringement.

395.     Disney denies all allegations of Paragraph 395, and specifically denies that it has

committed any acts of infringement.

396.    Disney denies all allegations of Paragraph 396, and specifically denies that it has committed any acts of infringement.

397.    Disney denies all allegations of Paragraph 397, and specifically denies that it has committed any acts of infringement.

398.    Disney denies all allegations of Paragraph 398, and specifically denies that it has committed any acts of infringement.

399.    Disney denies all allegations of Paragraph 399, and specifically denies that it has committed any acts of infringement.

400.    Disney denies all allegations of Paragraph 400, and specifically denies that it has committed any acts of infringement.

401.    Disney denies all allegations of Paragraph 401, and specifically denies that it has committed any acts of infringement.

402.    Disney denies all allegations of Paragraph 402, and specifically denies that it has committed any acts of infringement.

403.    Disney denies all allegations of Paragraph 403, and specifically denies that it has committed any acts of infringement.

404.    Disney denies all allegations of Paragraph 404, and specifically denies that it has committed any acts of infringement.

405.    Disney denies all allegations of Paragraph 405, and specifically denies that it has committed any acts of infringement.

406.    Disney denies all allegations of Paragraph 406, and specifically denies that it has committed any acts of infringement.

407.     Disney denies all allegations of Paragraph 407, and specifically denies that it has committed any acts of infringement.

408.     Disney denies all allegations of Paragraph 408, and specifically denies that it has committed any acts of infringement.

409.     Disney denies all allegations of Paragraph 409, and specifically denies that it has committed any acts of infringement.

410.     Disney denies all allegations of Paragraph 410, and specifically denies that it has committed any acts of infringement.

411.     Disney denies all allegations of Paragraph 411, and specifically denies that it has committed any acts of infringement.

412.     Disney denies all allegations of Paragraph 412, and specifically denies that it has committed any acts of infringement.

413.     Disney denies all allegations of Paragraph 413, and specifically denies that it has committed any acts of infringement.

414.     Disney denies all allegations of Paragraph 414, and specifically denies that it has committed any acts of infringement.

415.     Disney denies all allegations of Paragraph 415, and specifically denies that it has committed any acts of infringement.

416.     Disney denies all allegations of Paragraph 416, and specifically denies that it has committed any acts of infringement.

417.     Disney denies all allegations of Paragraph 417, and specifically denies that it has committed any acts of infringement.

418.     Disney denies all allegations of Paragraph 418, and specifically denies that it has

committed any acts of infringement.

419.     Disney denies all allegations of Paragraph 419, and specifically denies that it has committed any acts of infringement.

420.     Disney denies all allegations of Paragraph 420, and specifically denies that it has committed any acts of infringement.

421.     Disney denies all allegations of Paragraph 421, and specifically denies that it has committed any acts of infringement.

422.     Disney denies all allegations of Paragraph 422, and specifically denies that it has committed any acts of infringement.

423.     Disney denies all allegations of Paragraph 423, and specifically denies that it has committed any acts of infringement.

424.     Disney denies all allegations of Paragraph 424, and specifically denies that it has committed any acts of infringement.

425.     Disney denies all allegations of Paragraph 425, and specifically denies that it has committed any acts of infringement.

426.     Disney denies all allegations of Paragraph 426, and specifically denies that it has committed any acts of infringement.

427.     Disney denies all allegations of Paragraph 427, and specifically denies that it has committed any acts of infringement.

428.     Disney denies all allegations of Paragraph 428, and specifically denies that it has committed any acts of infringement.

429.     Disney denies all allegations of Paragraph 429, and specifically denies that it has committed any acts of infringement.

430.    Disney denies all allegations of Paragraph 430, and specifically denies that it has committed any acts of infringement.

431.    Disney denies all allegations of Paragraph 431, and specifically denies that it has committed any acts of infringement.

432.    Disney denies all allegations of Paragraph 432, and specifically denies that it has committed any acts of infringement.

433.    Disney denies all allegations of Paragraph 433, and specifically denies that it has committed any acts of infringement.

434.    Disney denies all allegations of Paragraph 434, and specifically denies that it has committed any acts of infringement.

435.    Disney denies all allegations of Paragraph 435, and specifically denies that it has committed any acts of infringement.

436.    Disney denies all allegations of Paragraph 436, and specifically denies that it has committed any acts of infringement.

437.    Disney denies all allegations of Paragraph 437, and specifically denies that it has committed any acts of infringement.

438.    Disney denies all allegations of Paragraph 438, and specifically denies that it has committed any acts of infringement.

439.    Disney denies all allegations of Paragraph 439, and specifically denies that it has committed any acts of infringement.

440.    Disney denies all allegations of Paragraph 440, and specifically denies that it has committed any acts of infringement.

441.    Disney denies all allegations of Paragraph 441, and specifically denies that it has

committed any acts of infringement.

442.    Disney denies all allegations of Paragraph 442, and specifically denies that it has committed any acts of infringement.

443.    Disney denies all allegations of Paragraph 443, and specifically denies that it has committed any acts of infringement.

444.    Disney denies all allegations of Paragraph 444, and specifically denies that it has committed any acts of infringement.

445.    Disney denies all allegations of Paragraph 445, and specifically denies that it has committed any acts of infringement.

446.    Disney denies all allegations of Paragraph 446, and specifically denies that it has committed any acts of infringement.

447.    Disney denies all allegations of Paragraph 447, and specifically denies that it has committed any acts of infringement.

448.    Disney denies all allegations of Paragraph 448, and specifically denies that it has committed any acts of infringement.

449.    Disney denies all allegations of Paragraph 449, and specifically denies that it has committed any acts of infringement.

450.    Disney denies all allegations of Paragraph 450, and specifically denies that it has committed any acts of infringement.

451.    Disney denies all allegations of Paragraph 451, and specifically denies that it has committed any acts of infringement.

452.    Disney denies all allegations of Paragraph 452, and specifically denies that it has committed any acts of infringement.

453.    Disney denies all allegations of Paragraph 453, and specifically denies that it has committed any acts of infringement.

454.    Disney denies all allegations of Paragraph 454, and specifically denies that it has committed any acts of infringement.

455.    Disney denies all allegations of Paragraph 455, and specifically denies that it has committed any acts of infringement.

456.    Paragraph 456 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 456, and specifically denies that it has committed any acts of infringement.

457.    Paragraph 457 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 457, and specifically denies that it has committed any acts of infringement.

458.    Paragraph 458 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 458, and specifically denies that it has committed any acts of infringement.

459.    Paragraph 459 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 459, and specifically denies that it has committed any acts of infringement.

460.    Paragraph 460 solely expresses legal conclusions and therefore does not require a

response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 460, and specifically denies that it has committed any acts of infringement.

461.    Paragraph 461 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 461, and specifically denies that it has committed any acts of infringement.

462.    Paragraph 462 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 462, and specifically denies that it has committed any acts of infringement.

463.    Paragraph 463 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 463, and specifically denies that it has committed any acts of infringement.

464.    Paragraph 464 solely expresses legal conclusions and therefore does not require a response.  To the extent a response is required, Disney admits the Complaint accuses Disney of infringement of the Asserted Patents.  Disney denies the remaining allegations of Paragraph 464, and specifically denies that it has committed any acts of infringement.

465.    Disney denies all allegations of Paragraph 465, and specifically denies that it has committed any acts of infringement.

466.    Disney denies all allegations of Paragraph 466, and specifically denies that it has committed any acts of infringement.

467.    Disney denies all allegations of Paragraph 467, and specifically denies that it has committed any acts of infringement.

468.    Disney denies all allegations of Paragraph 468, and specifically denies that it has committed any acts of infringement.

469.    Disney denies all allegations of Paragraph 469, and specifically denies that it has committed any acts of infringement.

470.    Disney denies all allegations of Paragraph 470, and specifically denies that it has committed any acts of infringement.

471.    Disney denies all allegations of Paragraph 471, and specifically denies that it has committed any acts of infringement.

472.    Disney denies all allegations of Paragraph 472, and specifically denies that it has committed any acts of infringement.

473.    Disney denies all allegations of Paragraph 473, and specifically denies that it has committed any acts of infringement.

## COUNT 1:  [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,762,639

474.    Disney repeats and incorporates by reference the responses to Paragraphs 1 through 473 above as though fully set forth herein.

475.    Disney admits the cover page of the '639 Patent states its title is "Dynamic Manifest Generation Based on Client Identity," it issued on September 12, 2017, and Albert John McGowan and Michael M. Gordon are named as the inventors.  Disney admits Exhibit A of the Complaint purports to be a copy of the '639 Patent.  Disney denies the remaining allegations of Paragraph 475.

476.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 476 and, on that basis, denies them.

477. Disney denies all allegations of Paragraph 477.

478. Disney denies all allegations of Paragraph 478.

479. Disney admits that "chunking" and "dividing [media files] up into smaller segments for delivery to user devices" were known before the priority date of the '639 Patent. Disney denies that the '639 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 479.

480. Disney admits that "chunking," "storing media assets," and "creating and storing corresponding . . . index files or manifests" were known before the priority date of the '639 Patent. Disney denies that the '639 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 480.

481. Disney admits the '639 Patent states at column 4, lines 19 to 21: "Techniques can be dynamically executed on the fly and customized for each client." Disney denies the remaining allegations of Paragraph 481.

482. Disney lacks sufficient knowledge or information regarding what Paragraph 482 alleges as "[s]ome streamed media" and thus lacks sufficient basis to form a belief as to the allegations of Paragraph 482. On that basis, Disney denies all allegations of Paragraph 482, and specifically Disney denies that the '639 Patent discloses any improvements or advantages over the known technology.

483. Disney denies all allegations of Paragraph 483.

484. Disney admits the website https://www.prnewswire.com/news-releases/unicorn-media-enables-video-monetization-for-screen-medias-popcornflix-148861135.html is titled "Unicorn Media Enables Video Monetization For Screen Media's Popcornflix," and the website https://www.prnewswire.com/news-releases/unicorn-media-powers-ad-delivery-to-mobile-

devices-for-tidaltv-134666098.html is titled "Unicorn Media Powers Ad Delivery to Mobile Devices for TidalTV." Disney denies that these webpages "praised" the '639 Patent and/or its alleged invention. Disney denies all allegations of Paragraph 484.

485.     Disney denies all allegations of Paragraph 485, and specifically denies that it has committed any acts of infringement.

486.     Disney denies all allegations of Paragraph 486, and specifically denies that it has committed any acts of infringement.

487.     Disney denies all allegations of Paragraph 487, and specifically denies that it has committed any acts of infringement.

488.     Disney denies all allegations of Paragraph 488, and specifically denies that it has committed any acts of infringement.

489.     Disney denies all allegations of Paragraph 489, and specifically denies that it has committed any acts of infringement.

490.     Disney denies all allegations of Paragraph 490, and specifically denies that it has committed any acts of infringement.

491.     Disney denies all allegations of Paragraph 491, and specifically denies that it has committed any acts of infringement.

492.     Disney denies all allegations of Paragraph 492, and specifically denies that it has committed any acts of infringement.

493.     Disney denies all allegations of Paragraph 493, and specifically denies that it has committed any acts of infringement.

494.     Disney denies all allegations of Paragraph 494, and specifically denies that it has committed any acts of infringement.

495.    Disney denies all allegations of Paragraph 495, and specifically denies that it has committed any acts of infringement.

496.    Disney denies all allegations of Paragraph 496, and specifically denies that it has committed any acts of infringement.

497.    Disney denies all allegations of Paragraph 497, and specifically denies that it has committed any acts of infringement.

498.    Disney denies all allegations of Paragraph 498, and specifically denies that it has committed any acts of infringement.

499.    Disney admits claim 8 of the '639 Patent states, among other things:  "A method of streaming media via a data communications network, the method comprising."  Disney denies the remaining allegations of Paragraph 499, and specifically denies that it has committed any acts of infringement.

500.    Disney admits the allegations of Paragraph 500.

501.    Disney admits the allegations of Paragraph 501.

502.    Disney admits claim 8 of the '639 Patent states, among other things:  "receiving a universal source locator (URL) in a first request from a first client, wherein the URL includes information indicative of a requested media source."  Disney denies the remaining allegations of Paragraph 502, and specifically denies that it has committed any acts of infringement.

503.    Disney denies all allegations of Paragraph 503, and specifically denies that it has committed any acts of infringement.

504.    Disney admits the website https://help.disneyplus.com/article/disneyplus-en-us-sharing-content states:  "Sharing a new TV series or movie recommendation is easy with the social sharing feature. Use your phone to send links from the Disney+ streaming library directly to your

personal friends and family." Disney denies all remaining allegations of Paragraph 504, and specifically denies that it has committed any acts of infringement.

505. Disney denies all allegations of Paragraph 505, and specifically denies that it has committed any acts of infringement.

506. Disney admits the website https://help.hulu.com/article/hulu-sharing-links states: "Recommending a new TV series or movie pick just got a whole lot easier. Share links from Hulu's streaming library and Premium Add-ons that you subscribe to, right from your phone." Disney further admits the website https://help.hulu.com/article/hulu-watch-party states: "Hulu Watch Party is a feature that allows Hulu subscribers to watch movies and shows together and connect from different subscriptions and locations. The feature synchronizes video playback for all participants and adds a group chat to the video being watched." Disney denies all remaining allegations of Paragraph 506, and specifically denies that it has committed any acts of infringement.

507. Disney admits claim 8 of the '639 Patent states, among other things: "determining an identity of the first client." Disney denies the remaining allegations of Paragraph 507, and specifically denies that it has committed any acts of infringement.

508. Disney denies all allegations of Paragraph 508, and specifically denies that it has committed any acts of infringement.

509. Disney denies all allegations of Paragraph 509, and specifically denies that it has committed any acts of infringement.

510. Disney denies all allegations of Paragraph 510, and specifically denies that it has committed any acts of infringement.

511. Disney denies all allegations of Paragraph 511, and specifically denies that it has

committed any acts of infringement.

512.    Disney denies all allegations of Paragraph 512, and specifically denies that it has committed any acts of infringement.

513.    Disney denies all allegations of Paragraph 513, and specifically denies that it has committed any acts of infringement.

514.    Disney admits claim 8 of the '639 Patent states, among other things: "determining a first device type based on the identity of the first client."  Disney denies the remaining allegations of Paragraph 514, and specifically denies that it has committed any acts of infringement.

515.    Disney denies all allegations of Paragraph 515, and specifically denies that it has committed any acts of infringement.

516.    Disney denies all allegations of Paragraph 516, and specifically denies that it has committed any acts of infringement.

517.    Disney denies all allegations of Paragraph 517, and specifically denies that it has committed any acts of infringement.

518.    Disney denies all allegations of Paragraph 518, and specifically denies that it has committed any acts of infringement.

519.    Disney denies all allegations of Paragraph 519, and specifically denies that it has committed any acts of infringement.

520.    Disney denies all allegations of Paragraph 520, and specifically denies that it has committed any acts of infringement.

521.    Disney admits claim 8 of the '639 Patent states, among other things: "based at least in part on the determination of the first device type, generating a first manifest having information for streaming one or more segments of the requested media source in accordance with a first

chunking protocol via the data communications network." Disney denies the remaining allegations of Paragraph 521, and specifically denies that it has committed any acts of infringement.

522.    Disney denies all allegations of Paragraph 522, and specifically denies that it has committed any acts of infringement.

523.    Disney admits Disney+ uses JavaScript Object Notation ("JSON") to communicate over the Internet. Disney denies all remaining allegations of Paragraph 523, and specifically denies that it has committed any acts of infringement.

524.    Disney denies all allegations of Paragraph 524, and specifically denies that it has committed any acts of infringement.

525.    Disney denies all allegations of Paragraph 525, and specifically denies that it has committed any acts of infringement.

526.    Disney admits Disney+ uses JSON to communicate over the Internet. Disney further admits Disney+ uses the HEVC/H.265 codec. Disney denies all remaining allegations of Paragraph 526, and specifically denies that it has committed any acts of infringement.

527.    Disney denies all allegations of Paragraph 527, and specifically denies that it has committed any acts of infringement.

528.    Disney admits Hulu uses JSON to communicate over the Internet. Disney denies all remaining allegations of Paragraph 528, and specifically denies that it has committed any acts of infringement.

529.    Disney denies all allegations of Paragraph 529, and specifically denies that it has committed any acts of infringement.

530.    Disney denies all allegations of Paragraph 530, and specifically denies that it has committed any acts of infringement.

531.    Disney admits Hulu uses JSON to communicate over the Internet.  Disney further admits that Hulu uses the HEVC/H.265 codec.  Disney denies all remaining allegations of Paragraph 531, and specifically denies that it has committed any acts of infringement.

532.    Disney admits claim 8 of the '639 Patent states, among other things: "sending the first manifest to the first client."  Disney denies the remaining allegations of Paragraph 532, and specifically denies that it has committed any acts of infringement.

533.    Disney denies all allegations of Paragraph 533, and specifically denies that it has committed any acts of infringement.

534.    Disney denies all allegations of Paragraph 534, and specifically denies that it has committed any acts of infringement.

535.    Disney admits claim 8 of the '639 Patent states, among other things: "receiving the URL in a second request from a second client."  Disney denies the remaining allegations of Paragraph 535, and specifically denies that it has committed any acts of infringement.

536.    Disney denies all allegations of Paragraph 536, and specifically denies that it has committed any acts of infringement.

537.    Disney denies all allegations of Paragraph 537, and specifically denies that it has committed any acts of infringement.

538.    Disney denies all allegations of Paragraph 538, and specifically denies that it has committed any acts of infringement.

539.    Disney denies all allegations of Paragraph 539, and specifically denies that it has committed any acts of infringement.

540.    Disney denies all allegations of Paragraph 540, and specifically denies that it has committed any acts of infringement.

541.    Disney denies all allegations of Paragraph 541, and specifically denies that it has committed any acts of infringement.

542.    Disney admits claim 8 of the '639 Patent states, among other things: "determining an identity of the second client, the identity of the second client different from the identity of the first client."  Disney denies the remaining allegations of Paragraph 542, and specifically denies that it has committed any acts of infringement.

543.    Disney denies all allegations of Paragraph 543, and specifically denies that it has committed any acts of infringement.

544.    Disney denies all allegations of Paragraph 544, and specifically denies that it has committed any acts of infringement.

545.    Disney denies all allegations of Paragraph 545, and specifically denies that it has committed any acts of infringement.

546.    Disney denies all allegations of Paragraph 546, and specifically denies that it has committed any acts of infringement.

547.    Disney denies all allegations of Paragraph 547, and specifically denies that it has committed any acts of infringement.

548.    Disney denies all allegations of Paragraph 548, and specifically denies that it has committed any acts of infringement.

549.    Disney admits claim 8 of the '639 Patent states, among other things: "determining a second device type based on the identity of the second client, the second device type different from the first device type."  Disney denies the remaining allegations of Paragraph 549, and specifically denies that it has committed any acts of infringement.

550.    Disney denies all allegations of Paragraph 550, and specifically denies that it has

committed any acts of infringement.

551.    Disney denies all allegations of Paragraph 551, and specifically denies that it has committed any acts of infringement.

552.    Disney denies all allegations of Paragraph 552, and specifically denies that it has committed any acts of infringement.

553.    Disney denies all allegations of Paragraph 553, and specifically denies that it has committed any acts of infringement.

554.    Disney admits claim 8 of the '639 Patent states, among other things: "based at least in part on the determination of the second device type, generating, with the processor, a second manifest having information for streaming the one or more segments of the requested media source in accordance with a second chunking protocol via the data communications network, wherein content of the second manifest is different from content of the first manifest." Disney denies the remaining allegations of Paragraph 554, and specifically denies that it has committed any acts of infringement.

555.    Disney denies all allegations of Paragraph 555, and specifically denies that it has committed any acts of infringement.

556.    Disney admits Disney+ uses JSON to communicate over the Internet. Disney denies all remaining allegations of Paragraph 556, and specifically denies that it has committed any acts of infringement.

557.    Disney denies all allegations of Paragraph 557, and specifically denies that it has committed any acts of infringement.

558.    Disney denies all allegations of Paragraph 558, and specifically denies that it has committed any acts of infringement.

559.    Disney denies all allegations of Paragraph 559, and specifically denies that it has committed any acts of infringement.

560.    Disney admits Disney+ uses JSON to communicate over the Internet.  Disney further admits that Disney+ uses the AVC/H.264 and HEVC/H.265 codecs.  Disney denies all remaining allegations of Paragraph 560, and specifically denies that it has committed any acts of infringement.

561.    Disney denies all allegations of Paragraph 561, and specifically denies that it has committed any acts of infringement.

562.    Disney denies all allegations of Paragraph 562, and specifically denies that it has committed any acts of infringement.

563.    Disney denies all allegations of Paragraph 563, and specifically denies that it has committed any acts of infringement.

564.    Disney denies all allegations of Paragraph 564, and specifically denies that it has committed any acts of infringement.

565.    Disney denies all allegations of Paragraph 565, and specifically denies that it has committed any acts of infringement.

566.    Disney admits Hulu uses JSON to communicate over the Internet.  Disney further admits that Hulu uses the AVC/H.265 and HEVC/H.265 codecs.  Disney denies all remaining allegations of Paragraph 566, and specifically denies that it has committed any acts of infringement.

567.    Disney admits claim 8 of the '639 Patent states, among other things: "sending the second manifest to the second client."  Disney denies the remaining allegations of Paragraph 567, and specifically denies that it has committed any acts of infringement.

568.    Disney denies all allegations of Paragraph 568, and specifically denies that it has committed any acts of infringement.

569.    Disney denies all allegations of Paragraph 569, and specifically denies that it has committed any acts of infringement.

570.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that Hulu, LLC operates the Hulu and Hulu Live video streaming services.  Disney denies the remaining allegations of Paragraph 570, and specifically denies that it has committed any acts of infringement.

571.    Disney denies all allegations of Paragraph 571, and specifically denies that it has committed any acts of infringement.

572.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that one or more Defendants operates the Disney+ video streaming service.  Disney denies the remaining allegations of Paragraph 572, and specifically denies that it has committed any acts of infringement.

573.    Disney denies all allegations of Paragraph 573, and specifically denies that it has committed any acts of infringement.

574.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that one or more Defendants tests the Disney+ and Hulu video streaming services.  Disney denies the remaining allegations of Paragraph 574, and specifically denies that it has committed any acts of infringement.

575.    Disney denies all allegations of Paragraph 575, and specifically denies that it has committed any acts of infringement.

576.    Disney denies all allegations of Paragraph 576, and specifically denies that it has committed any acts of infringement.

577.    Disney denies all allegations of Paragraph 577, and specifically denies that it has committed any acts of infringement.

578.    Disney denies all allegations of Paragraph 578, and specifically denies that it has committed any acts of infringement.

579.    Disney denies all allegations of Paragraph 579, and specifically denies that it has committed any acts of infringement.

580.    Disney denies all allegations of Paragraph 580, and specifically denies that it has committed any acts of infringement.

581.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney further admits it offers and advertises subscriptions to the Disney+ and Hulu video streaming services.  Disney denies the remaining allegations of Paragraph 581, and specifically denies that it has committed any acts of infringement.

582.    Disney admits that the https://www.hulu.com/welcome webpage offers bundle discounts that include the Disney+ video streaming service.  Disney denies the remaining allegations of Paragraph 582.

583.    Disney admits that the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle webpage offers bundle discounts that include the Hulu video streaming service.  Disney denies the remaining allegations of Paragraph 583.

584. Disney admits that the https://plus.espn.com/ webpage offers bundle discounts that include the Disney+ and Hulu video streaming services. Disney denies the remaining allegations of Paragraph 584.

585. Disney denies all allegations of Paragraph 585, and specifically denies that it has committed any acts of infringement.

586. Disney denies all allegations of Paragraph 586, and specifically denies that it has committed any acts of infringement.

587. Disney denies all allegations of Paragraph 587, and specifically denies that it has committed any acts of infringement.

### COUNT 2: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,280,987

588. Disney repeats and incorporates by reference the responses to Paragraphs 1 through 587 above as though fully set forth herein.

589. Disney admits the cover page of the '987 Patent states its title is "Cloud Data Persistence Engine," it issued on October 2, 2012, and Albert J. McGowan and Richard L. Carls are named as the inventor. Disney admits Exhibit B of the Complaint purports to be a copy of the '987 Patent. Disney denies the remaining allegations of Paragraph 589.

590. Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 590 and, on that basis, denies them.

591. Disney denies all allegations of Paragraph 591.

592. Disney denies all allegations of Paragraph 592.

593. Disney admits that "providing content to users across a large geographic area" was known before the priority date of the '987 Patent. Disney further admits different "data hosting architectures" were known before the priority date of the '987 Patent. Disney further admits the '987 Patent states at column 1, lines 17 to 37:

In a typical data hosting architecture, multiple servers may be spread over a geographical area. The data stored on each of these servers may be the same (or substantially similar) data as that stored on each other server. A client attempting to access data hosted on such a system may communicate with a particular server, often the server closest to the client's physical location.

While such an arrangement may allow the client to quickly access all data stored on the server system, it may not be efficient for all data to be stored on each server. Clients in different locations (e.g., different cities, states, countries, and/or continents) may request data that varies significantly by location. For example, particular data may frequently be requested by clients in Europe, while the same data may be infrequently requested by clients in the Americas. Therefore, if all of the data is maintained at each server, such a system may result in significant quantities of data being stored at servers where the data is infrequently, if at all, accessed. Accordingly, such a system may result in a substantial amount of data being stored at servers that wastes storage resources and is infrequently accessed.

Disney denies that the '987 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 593.

594.    Disney admits the '987 Patent states at the Abstract: "Various cloud data persistence systems and methods are described." Disney further admits the '987 Patent states at column 4, line 64, to column 5, line 8:

For example, by storing only data objects that are frequently and/or recently accessed by clients, the servers may require significantly less storage space because they do not need to store a potentially large amount of data objects that are infrequently accessed or have not recently been accessed. A related benefit of this may be that by decreasing the amount of storage necessary at each server, the speed of access to the storage at the servers may be increased. For example, instead of relying on hard drives, solid state drives (which may cost significantly more per megabyte, but may offer improved access times) may be used for the storage at the servers.

Disney denies the remaining allegations of Paragraph 594, and specifically denies that the '987 Patent discloses any improvement upon known technology.

595.    Disney denies that the '987 Patent discloses any improvements or advantages over the known technology. Disney lacks sufficient knowledge or information on which to form a belief as to the remaining allegations of Paragraph 595 and, on that basis, denies them.

596.    Disney admits the '987 Patent states at column 5, lines 33 to 50:

> In such instances, the modification to the data object (assuming the client has the appropriate access rights) may be routed to the data object origin server by a server receiving the request from the client. The modification may be applied to the relevant data at the data object origin server. The data object origin server may then send a notification to other servers, or only the cache servers that have the previous version of the data stored, that the previous version of the data is no longer valid. These servers may in turn send a notification to other associated servers, or only those servers that have the previous version of the data stored, that the previous version of the data object is no longer valid. This may prevent a client from receiving an out-of-date version of the data no matter which server is accessed by the client. The modified data residing at the origin may then propagate out to the other servers as requests are made by clients to those servers for the data object.

Disney denies the remaining allegations of Paragraph 596, and specifically denies that the '987 Patent discloses any improvement upon known technology.

597.    Disney admits the '987 Patent illustrates the figure excerpted in Paragraph 597 as its Figure 5A. Disney further admits the '987 Patent states at column 9, lines 38 to 49:

> Important to note, data objects may be stored separate from media assets. For example, a data object containing information linked to a particular media asset may not be stored in the same location as the media asset. For example, a media asset may reside on multiple servers that are part of a content delivery network, while the data object that contains information about the media asset is stored in some other location, possibly on some other network. Also, while the above discusses linked media assets, it should be understood that data objects may also be linked to other assets, files or data that do not constitute media. In such embodiments, the data objects may contain different fields of data.

Disney denies the remaining allegations of Paragraph 597, and specifically denies that the '987 Patent discloses any improvement upon known technology.

598.    Disney admits claim 5 of the '987 Patent states, among other things: "a first server which stores a first plurality of data objects and is communicatively coupled with a plurality of cache servers, wherein: the first server is located at a first location; each of the first plurality of data objects comprise a link to one of a plurality of media assets; and the plurality of media assets are stored at a second location separate from the first location." Disney further admits the '987

Patent states at column 8, lines 52 to 61:

> The modular nature of the system enables all tasks associated with an event to be
> completed quickly. . . . Moreover, because the system's modularity enables it to be
> scaled to accommodate differing hardware capacities, and because the system can
> be configured to dynamically allocate hardware to different services according to
> the needs of the system, the speed of completing tasks relating to a particular event
> can further be increased.

Disney denies the remaining allegations of Paragraph 598, and specifically denies that the '987

Patent discloses any improvement upon known technology.

599.    Disney denies all allegations of Paragraph 599.

600.    Disney denies all allegations of Paragraph 600, and specifically denies that it has
committed any acts of infringement.

601.    Disney denies all allegations of Paragraph 601, and specifically denies that it has
committed any acts of infringement.

602.    Disney denies all allegations of Paragraph 602, and specifically denies that it has
committed any acts of infringement.

603.    Disney denies all allegations of Paragraph 603, and specifically denies that it has
committed any acts of infringement.

604.    Disney denies all allegations of Paragraph 604, and specifically denies that it has
committed any acts of infringement.

605.    Disney denies all allegations of Paragraph 605, and specifically denies that it has
committed any acts of infringement.

606.    Disney denies all allegations of Paragraph 606, and specifically denies that it has
committed any acts of infringement.

607.    Disney denies all allegations of Paragraph 607, and specifically denies that it has
committed any acts of infringement.

608.    Disney admits claim 5 of the '987 Patent states, among other things: "A cloud data persistence system for distribution of data, the cloud data persistence system comprising."  Disney denies the remaining allegations of Paragraph 608, and specifically denies that it has committed any acts of infringement.

609.    Disney denies all allegations of Paragraph 609, and specifically denies that it has committed any acts of infringement.

610.    Disney admits that Hulu uses a cloud-based architecture that includes data storage. Disney denies the remaining allegations of Paragraph 610 and specifically denies that it has committed any acts of infringement.

611.    Disney admits claim 5 of the '987 Patent states, among other things: "a first server which stores a first plurality of data objects and is communicatively coupled with a second server and a third server, wherein."  Disney denies the remaining allegations of Paragraph 611, and specifically denies that it has committed any acts of infringement.

612.    Disney admits Hulu Live uses servers and a cloud-based architecture that includes data storage.  Disney denies the remaining allegations of Paragraph 612, and specifically denies that it has committed any acts of infringement.

613.    Disney admits Hulu Live uses servers and a cloud-based architecture that includes data          storage.          Disney          further          admits          the          website https://www.youtube.com/watch?v=US2x6CalT7Y shows a video titled "AWS re:Invent 2017: Case Study: How Hulu reinvented television using the AWS Cloud (CTD302)," dated November 29, 2017, and contains the image excerpted above Paragraph 613.  The website https://www.slideshare.net/slideshow/case-study-how-hulu-reinvented-television-using-the-aws-cloud-ctd302-reinvent-2017/84049870 is inaccessible, and on that basis, Disney denies all

allegations relating to or arising from that website. Disney denies the remaining allegations of Paragraph 613, and specifically denies that it has committed any acts of infringement.

614.    Disney denies all allegations of Paragraph 614, and specifically denies that it has committed any acts of infringement.

615.    Disney admits Hulu Live uses content delivery networks ("CDNs") for content delivery, and that CDNs include multiple servers. Disney denies the remaining allegations of Paragraph 615, and specifically denies that it has committed any acts of infringement.

616.    Disney denies all allegations of Paragraph 616, and specifically denies that it has committed any acts of infringement.

617.    Disney admits the website https://medium.com/hulu-tech-blog/scaling-hulu-live-streaming-forlarge-events-march-madness-and-beyond-bedd73874f2 is titled "Scaling Hulu Live Streaming for Large Events: March Madness and Beyond," and contains the image excerpted in Paragraph 617. Disney denies the remaining allegations of Paragraph 617.

618.    Disney admits claim 5 of the '987 Patent states, among other things: "the first server is located at a first location; each of the first plurality of data objects comprises a link to a media asset of a plurality of media assets; the plurality of media assets is located at a second location; and the second location is distinct from the first location." Disney denies the remaining allegations of Paragraph 618, and specifically denies that it has committed any acts of infringement.

619.    Disney denies all allegations of Paragraph 619, and specifically denies that it has committed any acts of infringement.

620.    Disney denies all allegations of Paragraph 620, and specifically denies that it has committed any acts of infringement.

621.    Disney denies all allegations of Paragraph 621, and specifically denies that it has committed any acts of infringement.

622.    Disney admits Hulu Live uses CDNs for content delivery.  Disney denies the remaining allegations of Paragraph 622, and specifically denies that it has committed any acts of infringement.

623.    Disney admits claim 5 of the '987 Patent states, among other things:  "the second server stores a second plurality of data objects and is configured to request a data object from the first server if the data object is not present in the second plurality of data objects, wherein the second server is communicatively coupled with a fourth server and fifth server."  Disney denies the remaining allegations of Paragraph 623, and specifically denies that it has committed any acts of infringement.

624.    Disney denies all allegations of Paragraph 624, and specifically denies that it has committed any acts of infringement.

625.    Disney admits Hulu Live uses CDNs for content delivery.  Disney denies the remaining allegations of Paragraph 625, and specifically denies that it has committed any acts of infringement.

626.    Disney denies all allegations of Paragraph 626, and specifically denies that it has committed any acts of infringement.

627.    Disney admits Hulu Live uses CDNs for content delivery.  Disney denies the remaining allegations of Paragraph 627, and specifically denies that it has committed any acts of infringement.

628.    Disney admits Hulu Live uses CDNs for content delivery.  Disney denies the remaining allegations of Paragraph 628, and specifically denies that it has committed any acts of

infringement.

629.    Disney denies all allegations of Paragraph 629, and specifically denies that it has committed any acts of infringement.

630.    Disney admits Hulu uses or has used multiple CDNs for content delivery.  Disney denies the remaining allegations of Paragraph 630, and specifically denies that it has committed any acts of infringement.

631.    Disney admits the website https://aws.amazon.com/about-aws/global-infrastructure is titled "AWS Global Infrastructure" and contains the phrase "CloudFront POPs and 13 Regional edge caches."  Disney lacks sufficient knowledge or information on which to form a belief as to the remaining allegations of Paragraph 631 and, on that basis, denies them. Disney specifically denies that it has committed any acts of infringement.

632.    Disney admits the webpage https://aws.amazon.com/blogs/aws/introducing-cloudfront-functions-run-your-code-at-the-edge-with-low-latency-at-any-scale contains the image excerpted below Paragraph 632.  Disney lacks sufficient knowledge or information on which to form a belief as to the remaining allegations of Paragraph 632 and, on that basis, denies them. Disney specifically denies that it has committed any acts of infringement.

633.    Disney admits the webpage https://www.akamai.com/site/en/documents/akamai/overview-of-akamai-personal-dataprocessing-activities-and-role.pdf is titled "Overview of Akamai's Personal Data Processing Activities and Roles in connection with Services Provisioning" and dated May 16, 2025, and that this webpage contains the image excerpted below Paragraph 633.  Disney lacks sufficient knowledge or information on which to form a belief as to the remaining allegations of Paragraph 633 and, on that basis, denies them.  Disney specifically denies that it has committed any acts of

infringement.

634.    Disney admits claim 5 of the '987 Patent states, among other things:  "the fourth server stores a third plurality of data objects and is configured to request the data object from the second server if the data object is not present in the third plurality of data objects, wherein the fourth server is configured to receive a request from a first client for the data object."  Disney denies the remaining allegations of Paragraph 634, and specifically denies that it has committed any acts of infringement.

635.    Disney denies all allegations of Paragraph 635, and specifically denies that it has committed any acts of infringement.

636.    Disney denies all allegations of Paragraph 636, and specifically denies that it has committed any acts of infringement.

637.    Disney admits Hulu uses or has used multiple CDN providers.  Disney denies all remaining allegations of Paragraph 637, and specifically denies that it has committed any acts of infringement.

638.    Disney denies all allegations of Paragraph 638, and specifically denies that it has committed any acts of infringement.

639.    Disney denies all allegations of Paragraph 639, and specifically denies that it has committed any acts of infringement

640.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that Hulu, LLC operates the Hulu Live video streaming service.  Disney denies the remaining allegations of Paragraph 640, and specifically denies that it has committed any acts of infringement.

641.    Disney repeats and incorporates by reference the responses, admissions, and denials

to Paragraphs 36 through 473 above as though fully set forth herein. Disney admits that Hulu, LLC tests the Hulu Live video streaming service. Disney denies the remaining allegations of Paragraph 641, and specifically denies that it has committed any acts of infringement.

642.    Disney denies all allegations of Paragraph 642, and specifically denies that it has committed any acts of infringement.

643.    Disney denies all allegations of Paragraph 643, and specifically denies that it has committed any acts of infringement.

644.    Disney denies all allegations of Paragraph 644, and specifically denies that it has committed any acts of infringement.

645.    Disney denies all allegations of Paragraph 645, and specifically denies that it has committed any acts of infringement.

646.    Disney denies all allegations of Paragraph 646, and specifically denies that it has committed any acts of infringement.

647.    Disney denies all allegations of Paragraph 647, and specifically denies that it has committed any acts of infringement.

648.    Disney denies all allegations of Paragraph 648, and specifically denies that it has committed any acts of infringement.

649.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney further admits it offers and advertises subscriptions to the Hulu Live video streaming service. Disney denies the remaining allegations of Paragraph 649, and specifically denies that it has committed any acts of infringement.

650.    Disney admits that the https://plus.espn.com webpage offers bundle discounts that

include the Hulu Live video streaming service.  Disney denies the remaining allegations of Paragraph 650.

651.    Disney admits it the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle webpage offers bundle discounts that include the Hulu Live video streaming service. Disney denies the remaining allegations of Paragraph 651.

652.    Disney denies all allegations of Paragraph 652, and specifically denies that it has committed any acts of infringement.

653.    Disney denies all allegations of Paragraph 653, and specifically denies that it has committed any acts of infringement.

654.    Disney denies all allegations of Paragraph 654, and specifically denies that it has committed any acts of infringement.

## COUNT 3:  [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,860,595

655.    Disney repeats and incorporates by reference the responses to Paragraphs 1 through 654 above as though fully set forth herein.

656.    Disney admits the cover page of the '595 Patent states its title is "Systems and Methods for Episode Tracking in an Interactive Media Environment," it issued on January 2, 2018, and Charles Cordray, Todd A. Walker, and Samir B. Armaly are named as the inventors.  Disney admits Exhibit C of the Complaint purports to be a copy of the '595 Patent.  Disney denies the remaining allegations of Paragraph 656.

657.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 657 and, on that basis, denies them.

658.    Disney denies all allegations of Paragraph 658.

659.    Disney denies all allegations of Paragraph 659.

660.    Disney admits the '595 Patent states at column 1, lines 15 to 23:

This invention relates to interactive media environments, and more particularly, to interactive media environments that monitor a user's viewing progress.

Interactive media environments allow users to customize a user's media experience using interactive media applications, such as interactive television applications. For example, a user may direct an interactive media application to display program reminders, record media content, search for media content, and enforce parental controls.

Disney further admits "streaming services," "video-on-demand," "digital video recording systems (DVR)," and "interactive media environments" were known before the priority date of the '639 Patent. Disney denies the remaining allegations of Paragraph 660, and specifically denies that the '595 Patent discloses any improvement upon known technology.

661.    Disney denies that the '595 Patent discloses any improvement upon known technology. Disney lacks sufficient knowledge or information regarding what Paragraph 661 alleges as "content-streaming context" and "streaming services," on which to form a belief as to the allegations of Paragraph 661. On that basis, Disney denies the remaining allegations of Paragraph 661.

662.    Disney admits the '595 Patent states at column 2, lines 51 to 59:

In some embodiments, the interactive media monitoring application may maintain separate media profiles for each user accessing the user equipment. In these embodiments, each user's viewing progress may be individually monitored. The media monitoring application may then present a consistent media environment based on each user's individual media viewing progress. In some of these embodiments, a user's media profile may be portable to any user equipment in the interactive media system.

Disney denies the remaining allegations of Paragraph 662, and specifically denies that the '595 Patent discloses any improvement upon known technology.

663.    Disney denies all allegations of Paragraph 663, and specifically denies that the '595 Patent discloses any improvement upon known technology.

664.    Disney denies all allegations of Paragraph 664, and specifically denies that the '595

Patent discloses any improvement upon known technology.

665.    Disney admits the '595 Patent states at column 4, lines 19 to 39:

With the advent of the Internet, mobile computing, and high-speed wireless networks, users are able to access media on personal computers (PCs) and devices on which they traditionally could not. Non-television-centric platforms (i.e., platforms that distribute media with equipment not part of the user's broadcast, cable or satellite television-delivery network) allow users to navigate among and locate desirable video clips, full motion videos (which may include television programs), images, music files, and other suitable media. Consequently, media guidance is also necessary on modern non-television-centric platforms. For example, media guidance applications may be provided as on-line applications (i.e., provided on a web-site), or as stand-alone applications or clients on hand-held computers, personal digital assistants (PDAs) or cellular telephones. In some systems, users may control equipment remotely via a media guidance application. For example, users may access an online media guide and set recordings or other settings on their in home equipment. This may be accomplished by the on-line guide controlling the user's equipment directly or via another media guide that runs on the user's equipment.

Disney denies remaining allegations of Paragraph 665, and specifically denies that the '595 Patent discloses any improvement upon known technology.

666.    Disney denies all allegations of Paragraph 666.

667.    Disney denies all allegations of Paragraph 667, and specifically denies that it has committed any acts of infringement.

668.    Disney denies all allegations of Paragraph 668, and specifically denies that it has committed any acts of infringement.

669.    Disney denies all allegations of Paragraph 669, and specifically denies that it has committed any acts of infringement.

670.    Disney denies all allegations of Paragraph 670, and specifically denies that it has committed any acts of infringement.

671.    Disney denies all allegations of Paragraph 671, and specifically denies that it has committed any acts of infringement.

672.    Disney denies all allegations of Paragraph 672, and specifically denies that it has committed any acts of infringement.

673.    Disney denies all allegations of Paragraph 673, and specifically denies that it has committed any acts of infringement.

674.    Disney denies all allegations of Paragraph 674, and specifically denies that it has committed any acts of infringement.

675.    Disney denies all allegations of Paragraph 675, and specifically denies that it has committed any acts of infringement.

676.    Disney denies all allegations of Paragraph 676, and specifically denies that it has committed any acts of infringement.

677.    Disney denies all allegations of Paragraph 677, and specifically denies that it has committed any acts of infringement.

678.    Disney denies all allegations of Paragraph 678, and specifically denies that it has committed any acts of infringement.

679.    Disney denies all allegations of Paragraph 679, and specifically denies that it has committed any acts of infringement.

680.    Disney denies all allegations of Paragraph 680, and specifically denies that it has committed any acts of infringement.

681.    Disney denies all allegations of Paragraph 681, and specifically denies that it has committed any acts of infringement.

682.    Disney denies all allegations of Paragraph 682, and specifically denies that it has committed any acts of infringement.

683.    Disney denies all allegations of Paragraph 683, and specifically denies that it has

committed any acts of infringement.

684.    Disney denies all allegations of Paragraph 684, and specifically denies that it has committed any acts of infringement.

685.    Disney denies all allegations of Paragraph 685, and specifically denies that it has committed any acts of infringement.

686.    Disney denies all allegations of Paragraph 686, and specifically denies that it has committed any acts of infringement.

687.    Disney denies all allegations of Paragraph 687, and specifically denies that it has committed any acts of infringement.

688.    Disney admits claim 1 of the '595 Patent states, among other things: "A method for presenting media content based on a user's viewing progress within serial programs on user equipment, the method comprising."  Disney denies the remaining allegations of Paragraph 688, and specifically denies that it has committed any acts of infringement.

689.    Disney admits Disney+ provides media content choice such as "Recommended for You," "Newly Added," and "Continue Watching" to users.  Disney denies the remaining allegations of Paragraph 689, and specifically denies that it has committed any acts of infringement.

690.    Disney admits Hulu provides media content choice such as "Continue Watching" and "Bingeable TV" to users.  Disney denies the remaining allegations of Paragraph 690, and specifically denies that it has committed any acts of infringement.

691.    Disney admits ESPN+ provides media content choice such as "UPCOMING" and "CONTINUE WATCHING" to users.  Disney denies the remaining allegations of Paragraph 691, and specifically denies that it has committed any acts of infringement.

692.    Disney admits claim 1 of the '595 Patent states, among other things:  "creating, using control circuitry, a media profile comprising a first viewing progress within a first serial program and a second viewing progress within a second serial program."  Disney denies the remaining allegations of Paragraph 692, and specifically denies that it has committed any acts of infringement.

693.    Disney admits that Disney+ stores user profiles.  Disney denies the remaining allegations of Paragraph 693, and specifically denies that it has committed any acts of infringement.

694.    Disney admits that Hulu stores user profiles.  Disney denies the remaining allegations of Paragraph 694, and specifically denies that it has committed any acts of infringement.

695.    Disney admits that ESPN+ stores user profiles.  Disney denies the remaining allegations of Paragraph 695, and specifically denies that it has committed any acts of infringement.

696.    Disney admits claim 1 of the '595 Patent states, among other things:  "storing the media profile in a storage device."  Disney denies the remaining allegations of Paragraph 696, and specifically denies that it has committed any acts of infringement.

697.    Disney admits Disney+ stores user profiles.  Disney denies the remaining allegations of Paragraph 697, and specifically denies that it has committed any acts of infringement.

698.    Disney admits Hulu stores user profiles.  Disney denies the remaining allegations of Paragraph 698, and specifically denies that it has committed any acts of infringement.

699.    Disney admits ESPN+ stores user profiles.  Disney denies the remaining allegations

of Paragraph 699, and specifically denies that it has committed any acts of infringement.

700. Disney admits claim 1 of the '595 Patent states, among other things: "determining, using the control circuitry, a first progress point in the first serial program based on the first viewing progress and a second progress point in the second serial program based on the second viewing progress." Disney denies the remaining allegations of Paragraph 700, and specifically denies that it has committed any acts of infringement.

701. Disney denies all allegations of Paragraph 701, and specifically denies that it has committed any acts of infringement.

702. Disney denies all allegations of Paragraph 702, and specifically denies that it has committed any acts of infringement.

703. Disney denies all allegations of Paragraph 703, and specifically denies that it has committed any acts of infringement.

704. Disney admits claim 1 of the '595 Patent states, among other things: "generating for display, on a display screen, a first user-selectable link corresponding to the first progress point in the first serial program adjacent to a second user-selectable link corresponding to the second progress point in the second serial program." Disney denies the remaining allegations of Paragraph 704, and specifically denies that it has committed any acts of infringement.

705. Disney denies all allegations of Paragraph 705, and specifically denies that it has committed any acts of infringement.

706. Disney denies all allegations of Paragraph 706, and specifically denies that it has committed any acts of infringement.

707. Disney denies all allegations of Paragraph 707, and specifically denies that it has committed any acts of infringement.

708.    Disney admits claim 1 of the '595 Patent states, among other things: "wherein selecting the first user-selectable link causes the first serial program to be generated for display at the first progress point."  Disney denies the remaining allegations of Paragraph 708, and specifically denies that it has committed any acts of infringement.

709.    Disney denies all allegations of Paragraph 709, and specifically denies that it has committed any acts of infringement.

710.    Disney denies all allegations of Paragraph 710, and specifically denies that it has committed any acts of infringement.

711.    Disney denies all allegations of Paragraph 711, and specifically denies that it has committed any acts of infringement.

712.    Disney admits claim 1 of the '595 Patent states, among other things: "wherein selecting the second user-selectable link causes the second serial program to be generated for display at the second progress point."  Disney denies the remaining allegations of Paragraph 712, and specifically denies that it has committed any acts of infringement.

713.    Disney denies all allegations of Paragraph 713, and specifically denies that it has committed any acts of infringement.

714.    Disney denies all allegations of Paragraph 714, and specifically denies that it has committed any acts of infringement.

715.    Disney denies all allegations of Paragraph 715, and specifically denies that it has committed any acts of infringement.

716.    Disney admits claim 1 of the '595 Patent states, among other things: "receiving a user selection of the first link; and in response to receiving the user selection, generating for display the first serial program at the first progress point."  Disney denies the remaining allegations of

Paragraph 716, and specifically denies that it has committed any acts of infringement.

717.    Disney denies all allegations of Paragraph 717, and specifically denies that it has committed any acts of infringement.

718.    Disney denies all allegations of Paragraph 718, and specifically denies that it has committed any acts of infringement.

719.    Disney denies all allegations of Paragraph 719, and specifically denies that it has committed any acts of infringement.

720.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that one or more of the Defendants operate the Disney+, Hulu, and ESPN+ video streaming services. Disney denies the remaining allegations of Paragraph 720, and specifically denies that it has committed any acts of infringement.

721.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that one or more of the Defendants test the Disney+, Hulu, and ESPN+ video streaming services.  Disney denies the remaining allegations of Paragraph 721, and specifically denies that it has committed any acts of infringement.

722.    Disney denies all allegations of Paragraph 722, and specifically denies that it has committed any acts of infringement.

723.    Disney denies all allegations of Paragraph 723, and specifically denies that it has committed any acts of infringement.

724.    Disney denies all allegations of Paragraph 724, and specifically denies that it has committed any acts of infringement.

725.    Disney denies all allegations of Paragraph 725, and specifically denies that it has committed any acts of infringement.

726.    Disney denies all allegations of Paragraph 726, and specifically denies that it has committed any acts of infringement.

727.    Disney denies all allegations of Paragraph 727, and specifically denies that it has committed any acts of infringement.

728.    Disney denies all allegations of Paragraph 728, and specifically denies that it has committed any acts of infringement.

729.    Disney denies all allegations of Paragraph 729, and specifically denies that it has committed any acts of infringement.

730.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney further admits it offers and advertises subscriptions to the Disney+, Hulu, and ESPN+ video streaming services. Disney denies the remaining allegations of Paragraph 730, and specifically denies that it has committed any acts of infringement.

731.    Disney admits that the https://www.hulu.com/welcome webpage offers bundle discounts that include the Disney+ and ESPN+ video streaming services. Disney denies the remaining allegations of Paragraph 731.

732.    Disney admits that the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle webpage offers bundle discounts that include the Hulu and ESPN+ streaming services. Disney denies the remaining allegations of Paragraph 732.

733.    Disney admits that the https://plus.espn.com webpage offers bundle discounts that include the Disney+ and Hulu streaming services. Disney denies the remaining allegations of

Paragraph 733.

734.    Disney denies all allegations of Paragraph 734, and specifically denies that it has committed any acts of infringement.

735.    Disney denies all allegations of Paragraph 735, and specifically denies that it has committed any acts of infringement.

736.    Disney denies all allegations of Paragraph 736, and specifically denies that it has committed any acts of infringement.

## COUNT 4:  [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,165,324

737.    Disney repeats and incorporates by reference the responses to Paragraphs 1 through 736 above as though fully set forth herein.

738.    Disney admits the cover page of the '324 Patent states its title is "Systems and Methods for Episode Tracking in an Interactive Media Environment," it issued on December 25, 2018, and Charles Cordray, Todd A. Walker, and Samir B. Armaly are named as the inventors. Disney admits Exhibit D of the Complaint purports to be a copy of the '324 Patent.  Disney denies the remaining allegations of Paragraph 738.

739.    Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 739 and, on that basis, denies them.

740.    Disney denies all allegations of Paragraph 740.

741.    Disney denies all allegations of Paragraph 741.

742.    Disney admits the '324 Patent states at column 1, lines 19 to 27:

This invention relates to interactive media environments, and more particularly, to interactive media environments that monitor a user's viewing progress.

Interactive media environments allow users to customize a user's media experience using interactive media applications, such as interactive television applications. For example, a user may direct an interactive media application to display program reminders, record media content, search for media content, and enforce parental

controls.

Disney further admits "video-on-demand," "streaming services," "digital video recording systems (DVR)," and "interactive media environments" were known before the priority date of the '324 Patent. Disney denies the remaining allegations of Paragraph 742, and specifically denies that the '324 Patent discloses any improvement upon known technology.

743.    Disney denies that the '324 Patent discloses any improvement upon known technology. Disney lacks sufficient knowledge or information regarding what Paragraph 743 alleges as "content-streaming context" and "streaming services," on which to form a belief as to the allegations of Paragraph 743. On that basis, Disney denies all allegations of Paragraph 743.

744.    Disney admits the '324 Patent states at column 2, lines 54 to 62:

> In some embodiments, the interactive media monitoring application may maintain separate media profiles for each user accessing the user equipment. In these embodiments, each user's viewing progress may be individually monitored. The media monitoring application may then present a consistent media environment based on each user's individual media viewing progress. In some of these embodiments, a user's media profile may be portable to any user equipment in the interactive media system.

Disney denies the remaining allegations of Paragraph 744, and specifically denies that the '324 Patent discloses any improvement upon known technology.

745.    Disney denies all allegations of Paragraph 745, and specifically denies that the '324 Patent discloses any improvement upon known technology.

746.    Disney denies all allegations of Paragraph 746, and specifically denies that the '324 Patent discloses any improvement upon known technology.

747.    Disney admits the '324 Patent states at column 4, lines 21 to 42:

> With the advent of the Internet, mobile computing, and high-speed wireless networks, users are able to access media on personal computers (PCs) and devices on which they traditionally could not. Non-television-centric platforms (i.e., platforms that distribute media with equipment not part of the user's broadcast,

> cable or satellite television-delivery network) allow users to navigate among and locate desirable video clips, full motion videos (which may include television programs), images, music files, and other suitable media. Consequently, media guidance is also necessary on modern non-television-centric platforms. For example, media guidance applications may be provided as on-line applications (i.e., provided on a web-site), or as stand-alone applications or clients on hand-held computers, personal digital assistants (PDAs) or cellular telephones. In some systems, users may control equipment remotely via a media guidance application. For example, users may access an online media guide and set recordings or other settings on their in home equipment. This may be accomplished by the on-line guide controlling the user's equipment directly or via another media guide that runs on the user's equipment.

Disney denies the remaining allegations of Paragraph 747, and specifically denies that the '324 Patent discloses any improvement upon known technology.

748.    Disney denies all allegations of Paragraph 748.

749.    Disney denies all allegations of Paragraph 749, and specifically denies that it has committed any acts of infringement.

750.    Disney denies all allegations of Paragraph 750, and specifically denies that it has committed any acts of infringement.

751.    Disney denies all allegations of Paragraph 751, and specifically denies that it has committed any acts of infringement.

752.    Disney denies all allegations of Paragraph 752, and specifically denies that it has committed any acts of infringement.

753.    Disney denies all allegations of Paragraph 753, and specifically denies that it has committed any acts of infringement.

754.    Disney denies all allegations of Paragraph 754, and specifically denies that it has committed any acts of infringement.

755.    Disney denies all allegations of Paragraph 755, and specifically denies that it has committed any acts of infringement.

756.    Disney denies all allegations of Paragraph 756, and specifically denies that it has committed any acts of infringement.

757.    Disney denies all allegations of Paragraph 757, and specifically denies that it has committed any acts of infringement.

758.    Disney denies all allegations of Paragraph 758, and specifically denies that it has committed any acts of infringement.

759.    Disney denies all allegations of Paragraph 759, and specifically denies that it has committed any acts of infringement.

760.    Disney denies all allegations of Paragraph 760, and specifically denies that it has committed any acts of infringement.

761.    Disney denies all allegations of Paragraph 761, and specifically denies that it has committed any acts of infringement.

762.    Disney denies all allegations of Paragraph 762, and specifically denies that it has committed any acts of infringement.

763.    Disney admits claim 1 of the '324 Patent states, among other things: "A method for presenting media content based on a user's viewing progress within serial programs on user equipment, the method comprising."  Disney denies the remaining allegations of Paragraph 763, and specifically denies that it has committed any acts of infringement.

764.    Disney admits Disney+ provides media content choices such as "Recommended for You," "Newly Added," and "Continue Watching" to users.  Disney denies the remaining allegations of Paragraph 764, and specifically denies that it has committed any acts of infringement.

765.    Disney admits Hulu provides media content choices such as "Newly Added" and

"Continue Watching" to users.  Disney denies the remaining allegations of Paragraph 765, and specifically denies that it has committed any acts of infringement.

766.    Disney admits claim 1 of the '324 Patent states, among other things:  "creating, using control circuitry, a media profile comprising a first viewing progress within a first serial program and a second viewing progress within a second serial program."  Disney denies the remaining allegations of Paragraph 766, and specifically denies that it has committed any acts of infringement.

767.    Disney admits that Disney+ stores user profiles.  Disney denies the remaining allegations of Paragraph 767, and specifically denies that it has committed any acts of infringement.

768.    Disney admits that Hulu stores user profiles.  Disney denies the remaining allegations of Paragraph 768, and specifically denies that it has committed any acts of infringement.

769.    Disney admits claim 1 of the '324 Patent states, among other things: "storing the media profile in a storage device."  Disney denies the remaining allegations of Paragraph 769, and specifically denies that it has committed any acts of infringement.

770.    Disney admits that Disney+ stores user profiles.  Disney denies the remaining allegations of Paragraph 770, and specifically denies that it has committed any acts of infringement.

771.    Disney admits that Hulu stores user profiles.  Disney denies the remaining allegations of Paragraph 771, and specifically denies that it has committed any acts of infringement.

772.    Disney admits claim 1 of the '324 Patent states, among other things:  "determining,

using the control circuitry, a first progress point in the first serial program based on the first viewing progress and a second progress point in the second serial program based on the second viewing progress." Disney denies the remaining allegations of Paragraph 772, and specifically denies that it has committed any acts of infringement.

773.    Disney denies all allegations of Paragraph 773, and specifically denies that it has committed any acts of infringement.

774.    Disney denies all allegations of Paragraph 774, and specifically denies that it has committed any acts of infringement.

775.    Disney admits claim 1 of the '324 Patent states, among other things: "generating for display, on a display screen, a first user-selectable link corresponding to the first progress point in the first serial program adjacent to a second user-selectable link corresponding to the second progress point in the second serial program, wherein selecting the first user-selectable link causes the first serial program to be generated for display at the first progress point, and wherein selecting the second user-selectable link causes the second serial program to be generated for display at the second progress point." Disney denies the remaining allegations of Paragraph 775, and specifically denies that it has committed any acts of infringement.

776.    Disney denies all allegations of Paragraph 776, and specifically denies that it has committed any acts of infringement.

777.    Disney denies all allegations of Paragraph 777, and specifically denies that it has committed any acts of infringement.

778.    Disney denies all allegations of Paragraph 778, and specifically denies that it has committed any acts of infringement.

779.    Disney denies all allegations of Paragraph 779, and specifically denies that it has

committed any acts of infringement.

780.    Disney denies all allegations of Paragraph 780, and specifically denies that it has committed any acts of infringement.

781.    Disney denies all allegations of Paragraph 781, and specifically denies that it has committed any acts of infringement.

782.    Disney admits claim 1 of the '324 Patent states, among other things: "receiving a user selection of the first link; in response to receiving the user selection of the first link, generating for display the first option." Disney denies the remaining allegations of Paragraph 782, and specifically denies that it has committed any acts of infringement.

783.    Disney denies all allegations of Paragraph 783, and specifically denies that it has committed any acts of infringement.

784.    Disney denies all allegations of Paragraph 784, and specifically denies that it has committed any acts of infringement.

785.    Disney admits claim 1 of the '324 Patent states, among other things: "receiving a user selection of the first option; and in response to receiving the user selection of the first option, generating for display the serial program at the first progress point." Disney denies the remaining allegations of Paragraph 785, and specifically denies that it has committed any acts of infringement.

786.    Disney denies all allegations of Paragraph 786, and specifically denies that it has committed any acts of infringement.

787.    Disney denies all allegations of Paragraph 787, and specifically denies that it has committed any acts of infringement.

788.    Disney repeats and incorporates by reference the responses, admissions, and denials

to Paragraphs 36 through 473 above as though fully set forth herein. Disney admits that one or more defendants operate the Disney+ and Hulu video streaming service. Disney denies the remaining allegations of Paragraph 788, and specifically denies that it has committed any acts of infringement.

789.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney admits that one or more defendants test the Disney+ and Hulu video streaming services. Disney denies the remaining allegations of Paragraph 789, and specifically denies that it has committed any acts of infringement.

790.    Disney denies all allegations of Paragraph 790, and specifically denies that it has committed any acts of infringement.

791.    Disney denies all allegations of Paragraph 791, and specifically denies that it has committed any acts of infringement.

792.    Disney denies all allegations of Paragraph 792, and specifically denies that it has committed any acts of infringement.

793.    Disney denies all allegations of Paragraph 793, and specifically denies that it has committed any acts of infringement.

794.    Disney denies all allegations of Paragraph 794, and specifically denies that it has committed any acts of infringement.

795.    Disney denies all allegations of Paragraph 795, and specifically denies that it has committed any acts of infringement.

796.    Disney denies all allegations of Paragraph 796, and specifically denies that it has committed any acts of infringement.

797.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney further admits it offers and advertises subscriptions to the Disney+ and Hulu video streaming services.  Disney denies the remaining allegations of Paragraph 797, and specifically denies that it has committed any acts of infringement.

798.    Disney admits that the https://www.hulu.com/welcome webpage offers bundle discounts that include the Disney+ video streaming service.  Disney denies the remaining allegations of Paragraph 798.

799.    Disney admits that the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle offers bundle discounts that include the Hulu and ESPN+ video streaming services.  Disney denies the remaining allegations of Paragraph 799.

800.    Disney admits that the https://plus.espn.com webpage offers bundle discounts that include the Hulu and Disney+ video streaming services.  Disney denies the remaining allegations of Paragraph 800.

801.    Disney denies all allegations of Paragraph 801, and specifically denies that it has committed any acts of infringement.

802.    Disney denies all allegations of Paragraph 802, and specifically denies that it has committed any acts of infringement.

803.    Disney denies all allegations of Paragraph 803, and specifically denies that it has committed any acts of infringement.

### COUNT 5:  [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,542,705

804.    Disney repeats and incorporates by reference the responses to Paragraphs 1 through 803 above as though fully set forth herein.

805.    Disney admits the cover page of the '705 Patent states its title is "Key Frame

Detection and Synchronization," it issued on September 24, 2013, and Kay Johansson and Kent Karlsson are named as the inventors. Disney admits Exhibit E of the Complaint purports to be a copy of the '705 Patent. Disney denies the remaining allegations of Paragraph 805.

806. Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 806 and, on that basis, denies them.

807. Disney denies all allegations of Paragraph 807.

808. Disney denies all allegations of Paragraph 808.

809. Disney admits that "MPEG video stream," "encod[ing]" media into "a series of frames," "key frames," and "predictive frames"—as referenced in the '705 Patent—were known before the priority date of the '705 Patent. Disney denies that the '705 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 809.

810. Disney admits that "key-frame encoding techniques" were known before the priority date of the '705 Patent. Disney denies that the '705 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 810.

811. Disney admits that "transmission [] of predictive frames" was known before the priority date of the '705 Patent. Disney admits the '705 Patent states at column 3, lines 36 to 47:

> Some available solutions rely on increasing the transmission rate to a client device when a client device connection request is received. In this manner, predictive frames and key frames are transmitted more rapidly to a client device when a client requests a media stream and a key frame is more likely to arrive sooner. However, there is still delay in transmitting a key frame. Furthermore, not all networks support this type of transmission burst and even ones that do may not want to encourage this type of possibly disruptive activity. For example, many users may request to receive a channel at the beginning of a live event. Having a large amount of burst activity may be disruptive to network operation.

Disney denies that the '705 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 811.

812.    Disney admits the '705 Patent states at column 3, line 48, to column 4, line 8:

In many conventional implementations, streaming servers are designed to provide large amounts of data from a variety of sources to a variety of client devices in as efficient a manner as possible. Consequently, streaming servers often perform little processing on media streams, as processing can significantly slow operation. However, the techniques and mechanisms recognize that is it beneficial to provide more intelligence in a streaming server by adding some additional processing. By using a smart, key frame sensitive buffer in the streaming server, an initial key frame can be provided to the user when a client device requests a connection. Bandwidth is better utilized, wait time is decreased, and user experience is improved.

According to various embodiments, a streaming server identifies key frames in media streams maintained in one or more buffers. When a connection request is received from a client device, a key frame is provided to the client device even if the key frame is not the first available frame. That is, a key frame is provided even if one or more predictive frames are available before the key frame. This allows a client device to receive a frame that it can display without distortion. Subsequent predictive frames can then reference the key frame. Connection requests such as channel changes or initial channel requests are handled efficiently. Although there may still be delay in transmission and delay in buffering and decoding at a client device, delay because of the receipt of unusable predictive frames is decreased as a streaming server will initially provide a usable key frame to a client device.

Disney denies that the '705 Patent discloses any improvement upon known technology.  Disney

denies the remaining allegations of Paragraph 812.

813.    Disney admits the '705 Patent states at column 3, line 48, to column 4, line 8:

In many conventional implementations, streaming servers are designed to provide large amounts of data from a variety of sources to a variety of client devices in as efficient a manner as possible. Consequently, streaming servers often perform little processing on media streams, as processing can significantly slow down operation. However, the techniques and mechanisms recognize that is it beneficial to provide more intelligence in a streaming server by adding some additional processing. By using a smart, key frame sensitive buffer in the streaming server, an initial key frame can be provided to the user when a client device requests a connection. Bandwidth is better utilized, wait time is decreased, and user experience is improved.

According to various embodiments, a streaming server identifies key frames in media streams maintained in one or more buffers. When a connection request is received from a client device, a key frame is provided to the client device even if the key frame is not the first available frame. That is, a key frame is provided even

if one or more predictive frames are available before the key frame. This allows a client device to receive a frame that it can display without distortion. Subsequent predictive frames can then reference the key frame. Connection requests such as channel changes or initial channel requests are handled efficiently. Although there may still be delay in transmission and delay in buffering and decoding at a client device, delay because of the receipt of unusable predictive frames is decreased as a streaming server will initially provide a usable key frame to a client device.

Disney denies that the '705 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 813.

814.    Disney admits that certain claims of the ''705 Patent recites that "wherein a plurality of buffers at the streaming server are allocated on a per group of pictures (GOP) basis." Disney denies that the '705 Patent discloses any improvement upon known technology or solves any technical problems. Disney denies the remaining allegations of Paragraph 814.

815.    Disney denies all allegations of Paragraph 815.

816.    Disney denies all allegations of Paragraph 816, and specifically denies that it has committed any acts of infringement.

817.    Disney denies all allegations of Paragraph 817, and specifically denies that it has committed any acts of infringement.

818.    Disney denies all allegations of Paragraph 818, and specifically denies that it has committed any acts of infringement.

819.    Disney denies all allegations of Paragraph 819, and specifically denies that it has committed any acts of infringement.

820.    Disney denies all allegations of Paragraph 820, and specifically denies that it has committed any acts of infringement.

821.    Disney denies all allegations of Paragraph 821, and specifically denies that it has committed any acts of infringement.

822.    Disney denies all allegations of Paragraph 822, and specifically denies that it has committed any acts of infringement.

823.    Disney denies all allegations of Paragraph 823, and specifically denies that it has committed any acts of infringement.

824.    Disney denies all allegations of Paragraph 824, and specifically denies that it has committed any acts of infringement.

825.    Disney denies all allegations of Paragraph 825, and specifically denies that it has committed any acts of infringement.

826.    Disney denies all allegations of Paragraph 826, and specifically denies that it has committed any acts of infringement.

827.    Disney denies all allegations of Paragraph 827, and specifically denies that it has committed any acts of infringement.

828.    Disney denies all allegations of Paragraph 828, and specifically denies that it has committed any acts of infringement.

829.    Disney denies all allegations of Paragraph 829, and specifically denies that it has committed any acts of infringement.

830.    Disney denies all allegations of Paragraph 830, and specifically denies that it has committed any acts of infringement.

831.    Disney admits claim 1 of the '705 Patent states, among other things:  "A method, comprising: receiving a first media stream including a first plurality of frames, the first media stream received at a streaming server and maintained in a first buffer, the streaming server configured to receive the first media stream from a media aggregation server, wherein a plurality of buffers at the streaming server are allocated on a per group of pictures (GOP) basis."  Disney

denies the remaining allegations of Paragraph 831, and specifically denies that it has committed any acts of infringement.

832.    Disney admits the website https://aws.amazon.com/solutions/case-studies/hulu includes the image excerpted below Paragraph 832.  Disney denies the remaining allegations of Paragraph 832, and specifically denies that it has committed any acts of infringement.

833.    Disney admits Hulu uses the AVC/H.264 codec, which is a part of the MPEG-4 standard.  Disney denies any remaining allegations of Paragraph 833, and specifically denies that it has committed any acts of infringement.

834.    Disney admits that videos encoded using the AVC/H.264 codec include one or more i-frames and one or more p- and/or b-frames.  Disney denies all allegations of Paragraph 834, and specifically denies that it has committed any acts of infringement.

835.    Disney admits that the webpage https://www.streamingmedia.com/Articles/Editorial/Featured-Articles/Hulu-Talks-About-the-Challenges-of-Live-Video-One-Year-Later-127464.aspx is titled "Hulu Talks About the Challenges of Live Video One Year Later" and contains the image excerpted below Paragraph 835.  Disney denies the remaining allegations of Paragraph 835, and specifically denies that it has committed any acts of infringement.

836.    Disney admits claim 1 of the '705 Patent states at column 4, lines 24 to 27: "According to various embodiments, a sequence of different frames types, beginning with a key frame and ending just before a Subsequence key frame, is referred to herein as a Group of Pictures (GOP)."  Disney denies the remaining allegations of Paragraph 836.

837.    Disney denies all allegations of Paragraph 837, and specifically denies that it has committed any acts of infringement.

838.    Disney denies all allegations of Paragraph 838, and specifically denies that it has committed any acts of infringement.

839.    Disney admits ESPN+ uses the AVC/H.264 codec.  Disney denies the remaining allegations of Paragraph 839, and specifically denies that it has committed any acts of infringement.

840.    Disney admits that videos encoded using the AVC/H.264 codec include one or more i-frames and one or more p- and/or b-frames.  Disney denies all allegations of Paragraph 840, and specifically denies that it has committed any acts of infringement.

841.    Disney denies all allegations of Paragraph 841, and specifically denies that it has committed any acts of infringement.

842.    Disney denies all allegations of Paragraph 842, and specifically denies that it has committed any acts of infringement.

843.    Disney admits claim 1 of the '705 Patent states, among other things: "receiving a second media stream including a second plurality of frames, the second media stream received at the streaming server and maintained in a second buffer."  Disney denies the remaining allegations of Paragraph 843, and specifically denies that it has committed any acts of infringement.

844.    Disney admits Hulu uses the AVC/H.264 codec, which is a part of the MEPG-4 standard.  Disney denies the remaining allegations of Paragraph 844, and specifically denies that it has committed any acts of infringement.

845.    Disney admits ESPN+ uses the AVC/H.264 codec.  Disney denies the remaining allegations of Paragraph 845, and specifically denies that it has committed any acts of infringement.

846.    Disney admits claim 1 of the '705 Patent states, among other things: "determining

positions of a plurality of key frames in the first buffer and the second buffer, the plurality of key frames including a first key frame in the first buffer and a second key frame in the second buffer, wherein determining positions of the plurality of key frames includes determining at the streaming server a group of pictures (GOP) size N and identifying Nth frames following the first key frame as subsequent key frames."  Disney denies the remaining allegations of Paragraph 846, and specifically denies that it has committed any acts of infringement.

847.    Disney denies all allegations of Paragraph 847, and specifically denies that it has committed any acts of infringement.

848.    Disney admits MPEG-DASH standard (ISO/IEC 23009-1:2019) at § 4.5.2 states, among other things:  "NOTE The type of SAP is dependent only on which access units are correctly decodable and their arrangement in presentation order. The types informally correspond with some common terms:  – Type 1 corresponds to what is known in some coding schemes as a "Closed GoP random access point" (in which all access units, in decoding order, starting from $I_{SAP}$ can be correctly decoded, resulting in a continuous time sequence of correctly decoded access units with no gaps) and in addition the access unit in decoding order is also the first access unit in presentation order."  Disney denies the remaining allegations of Paragraph 848, and specifically denies that it has committed any acts of infringement.

849.    Disney denies all allegations of Paragraph 849, and specifically denies that it has committed any acts of infringement.

850.    Disney denies all allegations of Paragraph 850, and specifically denies that it has committed any acts of infringement.

851.    Disney denies all allegations of Paragraph 851, and specifically denies that it has committed any acts of infringement.

852.    Disney admits claim 1 of the '705 Patent states, among other things: "receiving a channel change request from a client device receiving the first media stream, the channel change request corresponding to a switch from the first media stream to the second media stream." Disney denies the remaining allegations of Paragraph 852, and specifically denies that it has committed any acts of infringement.

853.    Disney admits that Hulu Live users can change channels during viewing. Disney denies all remaining allegations of Paragraph 853, and specifically denies that it has committed any acts of infringement.

854.    Disney admits that a Hulu Live user watching a channel can switch to a different channel by selecting that different channel, but denies that this operation is an "example" of patent infringement. Disney denies the remaining allegations of Paragraph 854.

855.    Disney admits that ESPN+ users can switch to a different stream during viewing. Disney denies all remaining allegations of Paragraph 855, and specifically denies that it has committed any acts of infringement.

856.    Disney admits that an ESPN+ user watching a video stream can switch to a different stream by selecting that stream, but denies that this operation is an "example" of patent infringement. Disney denies the remaining allegations of Paragraph 856.

857.    Disney admits claim 1 of the '705 Patent states, among other things: "identifying a next available key frame associated with the second media stream, wherein the next available key frame is provided as the second key frame in response to the channel change request, wherein no predictive frames are transmitted at the beginning of the channel change request." Disney denies the remaining allegations of Paragraph 857, and specifically denies that it has committed any acts of infringement.

858.    Disney denies all allegations of Paragraph 858, and specifically denies that it has committed any acts of infringement.

859.    Disney denies all allegations of Paragraph 859, and specifically denies that it has committed any acts of infringement.

860.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that Hulu, LLC manages and operates the Hulu Live video streaming service.  Disney denies the remaining allegations of Paragraph 860, and specifically denies that it has committed any acts of infringement.

861.    Disney denies all allegations of Paragraph 861, and specifically denies that it has committed any acts of infringement.

862.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that ESPN, Inc. manages and operates the ESPN+ video streaming service.  Disney denies the remaining allegations of Paragraph 862.

863.    Disney denies all allegations of Paragraph 863, and specifically denies that it has committed any acts of infringement.

864.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein.  Disney admits that one or more Defendants test the Hulu Live and ESPN+ video streaming services.  Disney denies the remaining allegations of Paragraph 864, and specifically denies that it has committed any acts of infringement.

865.    Disney denies all allegations of Paragraph 865, and specifically denies that it has

committed any acts of infringement.

866.    Disney denies all allegations of Paragraph 866, and specifically denies that it has committed any acts of infringement.

867.    Disney denies all allegations of Paragraph 867, and specifically denies that it has committed any acts of infringement.

868.    Disney denies all allegations of Paragraph 868, and specifically denies that it has committed any acts of infringement.

869.    Disney denies all allegations of Paragraph 869, and specifically denies that it has committed any acts of infringement.

870.    Disney denies all allegations of Paragraph 870, and specifically denies that it has committed any acts of infringement.

871.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney further admits it offers and advertises subscriptions to the ESPN+ and Hulu Live streaming services. Disney denies the remaining allegations of Paragraph 871, and specifically denies that it has committed any acts of infringement.

872.    Disney admits that the https://plus.espn.com webpage offers bundle discounts that include the Hulu Live video streaming service. Disney denies the remaining allegations of Paragraph 872.

873.    Disney admits that the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle webpage offers bundle discounts that include the Hulu Live video streaming service. Disney denies the remaining allegations of Paragraph 873.

874.    Disney admits that the https://www.hulu.com/welcome webpage offers bundle

discounts that include the ESPN+ video streaming service. Disney denies the remaining allegations of Paragraph 874.

875. Disney admits that the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle webpage offers bundle discounts that include the ESPN+ video streaming service. Disney denies the remaining allegations of Paragraph 875.

876. Disney denies all allegations of Paragraph 876, and specifically denies that it has committed any acts of infringement.

877. Disney denies all allegations of Paragraph 877, and specifically denies that it has committed any acts of infringement.

878. Disney denies all allegations of Paragraph 878, and specifically denies that it has committed any acts of infringement.

## COUNT 6: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,235,428

879. Disney repeats and incorporates by reference the responses to Paragraphs 1 through 878 above as though fully set forth herein.

880. Disney admits the cover page of the '428 Patent states its title is "User Interface Method and System for Application Programs Implemented with Component Architectures," it issued on January 12, 2016, and Jeffrey A. Smith, Alan Page, S. Prassad Maruvada, and Scott A. Northmore are named as the inventors. Disney admits Exhibit F of the Complaint purports to be a copy of the '428 Patent. Disney denies the remaining allegations of Paragraph 880.

881. Disney lacks sufficient knowledge or information on which to form a belief as to the allegations of Paragraph 881 and, on that basis, denies them.

882. Disney denies all allegations of Paragraph 882.

883. Disney denies all allegations of Paragraph 883.

884. Disney admits the '428 Patents states at column 1, lines 17 to 24:

> The present invention relates to a method and system for providing a user interface for application programs. More specifically, the present invention provides a method and system for providing a graphical user interface for application programs implemented with component architectures such as COM (Component Object Model), DCOM (Distributed Component Object Model), CORBA (Common Object Request Broker Architecture) and the like.

Disney denies the remaining allegations of Paragraph 884.

885.    Disney admits that "applications with GUIs" were known before the priority date

of the '428 patent.  Disney admits the '428 Patents states at column 1, lines 25 to 40:

> Applications programs with graphical user interfaces (GUI's) are well known and have existed since at least the Xerox Star computer. Initially, such user interfaces were written specifically for each application program, effectively from scratch, and thus required a significant amount of effort to program and debug. More recently GUI's have been implemented with frameworks or architectures provided by operating systems such as Apple's Macintosh or Microsoft's Windows, or by user interface systems such as the X Windows system. In addition to simplifying the construction of a user interface for an application program, each of these frameworks and systems could provide an interface with a common look and feel for application programs implemented under it. For example, most application programs implemented for Apple's Macintosh allowed users to delete files by dragging them to a trashcan icon.

Disney denies that the '428 Patent discloses any improvement upon known technology.  Disney

denies the remaining allegations of Paragraph 885.

886.    Disney admits the '428 Patents states at column 1, lines 41 to 54:

> While such GUI's are a significant improvement over early hard-coded GUI's, they still suffer from some disadvantages. For example, the GUI for an application program is usually fixed, and can not easily be updated to include new program features or capabilities without recompiling or reinstalling the entire application program. This is becoming especially problematic as application programs are now being implemented with component architectures, such as COM, DCOM, CORBA and the like, and such architectures permit new capabilities and/or features to be added to existing application programs by adding or changing appropriate modules of the program. To date, the updating of the GUI for such component implemented programs has not been easy to accomplish.

Disney denies that the '428 Patent discloses any improvement upon known technology.  Disney

denies the remaining allegations of Paragraph 886.

887.    Disney admits the '428 Patents states at column 1, lines 55 to 61:

A further disadvantage exists in that, while a common look and feel may be available for programs implemented in a particular operating system or GUI system, this look and feel is generally not independent of the operating system or GUI system and thus the user must be retrained, to some extent, to use even the same program when it is run on a different operating system or GUI system.

Disney denies that the '428 Patent discloses any improvement upon known technology.  Disney denies the remaining allegations of Paragraph 887.

888.    Disney admits the '428 Patents states at column 1, line 62, to column 2, line 12:

A relatively recent development in user interfaces has been the adoption and acceptance of the world wide web and it's associated html-based browser paradigm. Despite limitations in early versions of html, the web browser paradigm is now widely employed and most users are familiar with it to some extent. Recent versions of html, especially dynamic html (DHTML), have removed some of the limitations of earlier versions, such as the requirement to employ java applets or to reload the entire page in order to update material on a web page. However, html-based browsers are still limited in the uses to which they can be put and they do not, by themselves, provide the services and features required to implement a GUI for an application program, especially not for an application program implemented in a component architecture.

It is desired to have a user interface method and system which allows the web browser paradigm, or the like, to be employed as the GUI for application programs implemented with a component architecture.

Disney denies that the '428 Patent discloses any improvement upon known technology.  Disney denies the remaining allegations of Paragraph 888.

889.    Disney admits the '428 Patents states at column 4, line 63, to column 5, line 5:

Also, platform independence of at least the GUI can be achieved, provided that a suitable DHTML browser is available for each platform of interest. This would allow application programs implemented in a client-server arrangement or with DCOM or DCOM-like components to be executed on one platform from a GUI being executed on another platform. If the application program components are implemented in Java, or in another platform independent manner, platform independence of the entire application program and its GUI can also be achieved.

Disney denies that the '428 Patent discloses any improvement upon known technology.  Disney

- 100 -

denies the remaining allegations of Paragraph 889.

890.    Disney denies all allegations of Paragraph 890.

891.    Disney admits the '428 Patents states at column 7, line 29, to column 8, line 3:

One of the advantages provided by component architectures is that new or different components can be added or employed as desired. With the present invention, providing appropriate changes to the GUI of an application in accordance with the addition or alteration of components is easily accomplished. For example, if a new or enhanced document viewer component is added to the photographic editing and compositing application discussed herein, the workflows associated with the document viewer are registered with workflow manager 216, using an appropriate workflow registration method. User interface components required by the document viewer component are instantiated if necessary and registered with workflow manager 216 and appropriate default values or conditions (if any) are defined. The new or enhanced document viewer component is then ready for use with the application program. As will be apparent, in most circumstances no new layout need be defined for renderer 200 as the layout will be re-rendered, as necessary, with the appropriate document viewer and user interface components as needed. If a new layout is desired, it can be provided with the component and provided to renderer 200 as desired. This allows purchasers of the application program to purchase additional components, as needed. It is also contemplated that particular components with limited or special uses can be rented. Specifically, a DCOM or other component can be executed for a single use or for a predefined limited time, via the internet or other telecommunications network.

Another advantage of the present invention is that it enables the productization of components in a relatively simple manner. Specifically, different products can be constructed merely by changing the layout employed by renderer **200**. For example, an expert product can have one layout wherein all available tools are displayed to the user, providing an efficient workspace, while a beginner product can have one or more layouts of fewer tools each and arranged by task providing a simplified workspace, albeit a less efficient one. Further, the expert product can include various tools and capabilities in addition to those provided with the beginner tool merely by including additional components and an appropriate layout. The present invention thus encourages the construction and implementation of component based application programs.

Disney denies that the '428 Patent discloses any improvement upon known technology. Disney denies the remaining allegations of Paragraph 891.

892.    Disney denies all allegations of Paragraph 892, and specifically denies that it has committed any acts of infringement.

893.    Disney denies all allegations of Paragraph 893, and specifically denies that it has committed any acts of infringement.

894.    Disney denies all allegations of Paragraph 894, and specifically denies that it has committed any acts of infringement.

895.    Disney denies all allegations of Paragraph 895, and specifically denies that it has committed any acts of infringement.

896.    Disney denies all allegations of Paragraph 896, and specifically denies that it has committed any acts of infringement.

897.    Disney denies all allegations of Paragraph 897, and specifically denies that it has committed any acts of infringement.

898.    Disney denies all allegations of Paragraph 898, and specifically denies that it has committed any acts of infringement.

899.    Disney denies all allegations of Paragraph 899, and specifically denies that it has committed any acts of infringement.

900.    Disney denies all allegations of Paragraph 900, and specifically denies that it has committed any acts of infringement.

901.    Disney denies all allegations of Paragraph 901, and specifically denies that it has committed any acts of infringement.

902.    Disney denies all allegations of Paragraph 902, and specifically denies that it has committed any acts of infringement.

903.    Disney denies all allegations of Paragraph 903, and specifically denies that it has committed any acts of infringement.

904.    Disney denies all allegations of Paragraph 904, and specifically denies that it has

committed any acts of infringement.

905.    Disney denies all allegations of Paragraph 905, and specifically denies that it has committed any acts of infringement.

906.    Disney denies all allegations of Paragraph 906, and specifically denies that it has committed any acts of infringement.

907.    Disney admits claim 9 of the '428 Patent states, among other things: "A method for providing a graphical user interface, comprising: operating a renderer to render a graphical user interface (GUI) for an application program."  Disney denies the remaining allegations of Paragraph 907, and specifically denies that it has committed any acts of infringement.

908.    Disney admits that the Hulu Living Room App includes a graphical user interface, but denies that this is an "example" of patent infringement.  Disney denies the remaining allegations of Paragraph 908.

909.    Disney admits claim 9 of the '428 Patent states, among other things: "operating a renderer to render a graphical user interface (GUI) for an application program."  Disney denies the remaining allegations of Paragraph 909, and specifically denies that it has committed any acts of infringement.

910.    Disney denies all allegations of Paragraph 910.

911.    Disney admits the website https://medium.com/disney-streaming/building-the-hulu-experience-in-the-living-room-10eabf5391d6 is titled "Building the Hulu Experience in the Living Room," and states:

> Whenever a viewer launches the Hulu application on their device, they're actually launching the CDP binary for that platform. After performing any necessary bootstrapping that may be required by the device, CDP will spin up its internal Webkit variant and issue network requests to load the appropriate device-specific Hulu web application endpoint and render the actual user experience.
> . . .

> The Hulu web application leverages a JavaScript interface to interact with a native device platform, like the Xbox One or Nintendo Switch. The interface — internally referred to as the "JavaScript Bridge" (JSB) — is exposed to our web application by means of a specially customized fork of Webkit that's baked into CDP. This Webkit variant has a number of tweaks to its WebCore and JavaScriptCore components that optimize media streaming, but, most importantly, it's responsible for rendering our hosted web application on each device platform.

Disney denies the remaining allegations of Paragraph 911, and specifically denies that it has committed any acts of infringement.

912.    Disney admits claim 9 of the '428 Patent states, among other things: "operating a proxy to provide each component necessary for rendering the GUI to the renderer, wherein the proxy appears to the renderer as a single monolithic application program, and wherein the proxy is defined to determine changes required to be made to the GUI for the application program during execution of the application program, wherein a given change determined by the ox is one of rendering a new layout in the GUI and updating a present layout in the GUI."  Disney denies the remaining allegations of Paragraph 912, and specifically denies that it has committed any acts of infringement.

913.    Disney denies all allegations of Paragraph 913, and specifically denies that it has committed any acts of infringement.

914.    Disney denies all allegations of Paragraph 914, and specifically denies that it has committed any acts of infringement.

915.    Disney admits the website https://medium.com/hulu-tech-blog/open-sourcing-hulus-data-binding-library-for-low-powered-living-room-devices-introducing-4e44a7eb5f1d,    is titled "Open Sourcing Hulu's Data-Binding Library for Low Powered Living Room Devices — Introducing Quickdraw.js," and states in part: "At Hulu, we leverage Quickdraw to quickly prototype, iterate, and release large scale UI changes, such as the recent live guide, across our

entire living room device ecosystem." Disney further admits that "Quickdraw.js" is a library used by Hulu. Disney denies the remaining allegations of Paragraph 915, and specifically denies that it has committed any acts of infringement.

916. Disney admits that "Quickdraw.js" is a library used by Hulu. Paragraph 916 does not include a citation or source for its excerpted image and thus Disney is without sufficient information to confirm its accuracy or authenticity. On that basis, Disney denies all remaining allegations of Paragraph 916.

917. Disney admits claim 9 of the '428 Patent states, among other things: "operating a workflow manager to communicate one or more document viewers and associated user interface components to the proxy for provision to the renderer as components necessary for rendering the GUI." Disney denies the remaining allegations of Paragraph 917, and specifically denies that it has committed any acts of infringement.

918. Disney denies all allegations of Paragraph 918, and specifically denies that it has committed any acts of infringement.

919. Disney admits that the Hulu Living Room App is capable of generating the user interface shown in the image excerpted below Paragraph 919 but denies that such a user interface is an "example" of patent infringement. Disney denies all remaining allegations of Paragraph 919, and specifically denies that it has committed any acts of infringement.

920. Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney admits that Hulu, LLC operates the Hulu and Hulu Live video streaming services. Disney denies the remaining allegations of Paragraph 920, and specifically denies that it has committed any acts of infringement.

921.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney admits that Hulu, LLC tests the Hulu and Hulu video streaming services. Disney denies the remaining allegations of Paragraph 921, and specifically denies that it has committed any acts of infringement.

922.    Disney denies all allegations of Paragraph 922, and specifically denies that it has committed any acts of infringement.

923.    Disney denies all allegations of Paragraph 923, and specifically denies that it has committed any acts of infringement.

924.    Disney denies all allegations of Paragraph 924, and specifically denies that it has committed any acts of infringement.

925.    Disney denies all allegations of Paragraph 925, and specifically denies that it has committed any acts of infringement.

926.    Disney denies all allegations of Paragraph 926, and specifically denies that it has committed any acts of infringement.

927.    Disney denies all allegations of Paragraph 927, and specifically denies that it has committed any acts of infringement.

928.    Disney denies all allegations of Paragraph 928, and specifically denies that it has committed any acts of infringement.

929.    Disney repeats and incorporates by reference the responses, admissions, and denials to Paragraphs 36 through 473 above as though fully set forth herein. Disney further admits it offers and advertises subscriptions to Hulu and Hulu Live. Disney denies the remaining allegations of Paragraph 929, and specifically denies that it has committed any acts of infringement.

930.    Disney admits it that the https://www.disneyplus.com/welcome/disney-hulu-espn-

bundle webpage offers bundle discounts that include the Hulu video streaming service.  Disney denies the remaining allegations of Paragraph 930.

931.    Disney admits that the https://www.disneyplus.com/welcome/disney-hulu-espn-bundle webpage offers bundle discounts that include the Hulu Live video streaming service. Disney denies the remaining allegations of Paragraph 931.

932.    Disney admits that the https://plus.espn.com webpage offers bundle discounts that include the Hulu video streaming service.  Disney denies the remaining allegations of Paragraph 932.

933.    Disney admits that the https://plus.espn.com webpage offers bundle discounts that include the Hulu Live video streaming service.  Disney denies the remaining allegations of Paragraph 933.

934.    Disney denies all allegations of Paragraph 934, and specifically denies that it has committed any acts of infringement.

935.    Disney denies all allegations of Paragraph 935, and specifically denies that it has committed any acts of infringement.

936.    Disney denies all allegations of Paragraph 936, and specifically denies that it has committed any acts of infringement.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

To the extent a response is required, Disney admits the Complaint contains a request for a jury trial.

## DEFENDANTS' GENERAL DENIAL

To the extent that any allegations of Adeia's Complaint are not specifically admitted, Disney hereby denies them.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Adeia's prayer for relief sets forth Adeia's statement of requested relief, to which no response is required. To the extent a response is required, Disney denies that Adeia is entitled to the relief sought, or to any other relief, against Disney, and specifically denies that it has committed any acts of infringement.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Disney alleges the following as separate and affirmative defenses to the Complaint. By virtue of having listed the following defenses, Disney does not assume any legal or factual burden not otherwise assigned to it under the law. In addition to the defenses described below, Disney reserves all rights to allege additional defenses that become known through the course of discovery or further investigation. Disney reserves the right to argue any defense, including as to noninfringement, invalidity, unenforceability, and/or remedy.

### FIRST DEFENSE

### (Non-Infringement)

Disney does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of any of the '639, '987, '595, '324, '705, and '428 Patents.

### SECOND DEFENSE

### (Invalidity)

The '639, '987, '595, '324, '705, and '428 Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including sections 101, 102, 103, 112, 115, 116, 119, 132, 251, 256, and/or 282.

## THIRD DEFENSE

### (Equitable Doctrines)

Adeia is barred or limited from recovery in whole or in part by the equitable doctrines of unclean hands, waiver, acquiescence, patent misuse, and estoppel.

As an initial matter, to the extent Adeia seeks injunctive relief in this case, such relief is barred or limited by equitable considerations under *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). Adeia delayed bringing this action, does not itself practice the Asserted Patents, and does not compete with Disney in any relevant marketplace. As a non-practicing entity seeking monetary compensation, Adeia cannot establish irreparable harm or the lack of an adequate remedy at law, and the equities and public interest both weigh strongly against injunctive relief.

In addition, Adeia's claims are barred or limited by the doctrine of unclean hands. Adeia has engaged in improper conduct that warrants the application of this doctrine. *See Gilead Scis., Inc. v. Merck & Co.*, 888 F.3d 1231, 1239, 1248 (Fed. Cir. 2018) (explaining that the doctrine of "unclean hands" can arise from "both pre-litigation business misconduct and litigation misconduct"). For example, on information and belief, Adeia is attempting to use foreign proceedings to exert improper pressure on Disney to enter into a global license encompassing the U.S. patents asserted in this case, and is improperly seeking discovery in this case relating to extraterritorial activities that are relevant only to Adeia's foreign cases.

Adeia's claims are also barred or limited by the doctrines of waiver, acquiescence, implied license, and patent misuse. Adeia's Complaint alleges that manufacturers of televisions— including Sony, TCL, Roku, and Samsung—are licensed under the Asserted Patents. (*See* D.I. 1 ¶ 21.) On information and belief, other manufacturers of televisions, streaming media devices, video game consoles, and mobile devices are likewise licensed to the same patents. *See, e.g.*,

https://adeia.com/licensing. Licensed products manufactured by these Adeia licensees are often sold with one or more of the accused applications—such as Disney+, Hulu, and ESPN+— preinstalled or pre-integrated. Thus, Adeia's infringement claims are barred or limited by patent exhaustion, the first sale doctrine, waiver, acquiescence, and implied license to the extent Adeia has already authorized the relevant sales through existing licenses or Adeia has otherwise acquiesced to the sales of devices designed to practice the alleged inventions. Alternatively, by seeking to collect a second royalty for the same patented inventions from Disney, Adeia is engaging in patent misuse, which further bars or limits its recovery.

Moreover, Adeia's claims are barred or limited by estoppel. For example, the '428 Patent contains what Adeia concedes to be facially flawed claims. (*See* D.I. 1-6.) During the claim construction process, Adeia argued that the phrase "the ox" recited by the claims of the '428 Patent is an error and proposed to construe it as "the proxy." Despite acknowledging such clear errors, Adeia has not attempted to pursue correction of these errors through the U.S. Patent and Trademark Office, and instead, is attempting to improperly re-draft the claims through claim construction. Adeia should be estopped from asserting the '428 Patent given its unreasonable delay in correcting the errors in the '428 Patent.

## **FOURTH DEFENSE**

### **(Failure to State a Claim)**

Adeia's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of the Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## **FIFTH DEFENSE**

**(Prosecution History Estoppel)**

Adeia's claims of patent infringement under the doctrine of equivalents, if any, are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution disclaimer.

## SIXTH DEFENSE

**(Ensnarement)**

Adeia's claims of patent infringement under the doctrine of equivalents, if any, are barred under the doctrine of ensnarement.

## SEVENTH DEFENSE

**(Limitation on Damages)**

Adeia's claim for damages are barred to the extent that Adeia seeks damages beyond the six year time limitation set forth in 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH DEFENSE

**(Failure to Mark)**

Adeia's claims for damages prior to the filing of this lawsuit are barred to the extent Adeia, its predecessors-in-interest, or licensees failed to comply with the requirements of 35 U.S.C. § 287, including its marking requirement.  In particular, Adeia fails to identify any facts or allegations that could establish that Adeia, its predecessors-in-interest, and/or its licensees complied with the marking requirements of 35 U.S.C. § 287 for any practicing products, and therefore Adeia is not entitled to seek damages any earlier than the date it can establish actual notice of the alleged infringement.

## NINTH DEFENSE

**(No Injunction)**

To the extent injunctive relief is sought, Adeia is not entitled to an injunction because Adeia is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm due to Disney's conduct, has an adequate remedy at law, is obligated to license the Asserted Patents on fair, reasonable, and non-discriminatory terms, and/or public policy concerns weigh against any equitable relief.

## TENTH DEFENSE

### (Lack of Standing)

To the extend Adeia does not own the '639, '987, '595, '324, '705, and '428 Patents or all substantial rights under those patents, Adeia lacks standing to bring the present litigation.

## ELEVENTH DEFENSE

### (No Attorneys' Fees)

Adeia is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or the Court's inherent power.

## TWELFTH DEFENSE

### (License and Exhaustion)

Adeia's claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. Adeia's claims of patent infringement are also barred to the extent that Adeia has exhausted its rights and remedies as to the alleged infringement. For example, Adeia's Complaint alleges that it has licensed the Asserted Patents to "hardware manufacturers such as Sony, TCL, Roku, and Samsung." Complaint at ¶ 21. Thus, Adeia has exhausted its rights and remedies as to alleged infringement relating to use of the accused streaming services on licensed hardware such as smartphones, tablets, computers, televisions, and other devices manufactured by the licensed third parties.

## THIRTEENTH DEFENSE

### (Extraterritoriality)

Adeia's claims for patent infringement are precluded in whole or in part to the extent that any of the accused functionalities or acts are located or performed outside the United States.

## FOURTEENTH DEFENSE

### (FRAND Damages Limitation)

To the extent that any of the Asserted Patents are essential to any standard, Adeia's recovery for alleged infringement of the Asserted Patents, if any, is limited by obligations to license such patents on fair, reasonable, and nondiscriminatory ("FRAND" or "RAND") terms.

## FIFTEENTH DEFENSE

### (No Willful Infringement)

Adeia's claims for enhanced damages, if any, and an award of fees and costs against Disney have no basis in fact or law and should be denied.

## RESERVATION OF ADDITIONAL DEFENSES

Disney reserves the right to assert additional defenses that may be developed through discovery in this Action, related proceedings, or otherwise.

## COUNTERCLAIMS OF DEFENDANTS

As for its counterclaims herein, Defendants and Counterclaim-Plaintiffs The Walt Disney Company ("TWDC"), Disney Media and Entertainment Distribution LLC ("DMED"), Disney DTC LLC ("DDTC"), Disney Streaming Services LLC ("DSS"), Disney Entertainment & Sports LLC ("DES"), Disney Platform Distribution, Inc. ("DPD"), Bamtech, LLC ("BAMTech"), Hulu, LLC ("Hulu"), and ESPN, Inc. ("ESPN") (collectively, "Disney" or "Counterclaim-Plaintiffs") hereby allege against Plaintiff and Counterclaim-Defendants Adeia Technologies, Inc. ("Adeia

Technologies"), Adeia Guides Inc. ("Adeia Guides"), and Adeia Media Holdings Inc. (formerly known as Adeia Media Holdings LLC) ("Adeia Media Holdings") (collectively, "Adeia" or "Counterclaim-Defendants") as follows:

## INTRODUCTION

1.      Adeia has accused Disney of infringement of U.S. Patent Nos. 9,762,639 ("the '639 Patent"), 8,280,987 ("the '987 Patent"), 9,860,595 ("the '595 Patent"), 10,165,324 ("the '324 Patent"), 8,542,705 ("the '705 Patent"), and 9,235,428 ("the '428 Patent") (collectively, the "Asserted Patents").  (See D.I. 1.)

2.      The Asserted Patents are facially invalid at least for the reasons discussed below. (*See also* D.I. 16 (Defs.' Mot. to Dismiss Pls.' Compl. for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6).)

3.      At least for the reasons discussed below, Disney does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of any of the '639, '987, '595, '324, '705, and '428 Patents.

4.      As such, Disney brings Counterclaims seeking declarations that it does not infringe the Asserted Patents and that the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including sections 101, 102, 103, 112, 115, 116, 119, 132, 251, 256, and/or 282.

## PARTIES

5.      Counterclaim-Plaintiff TWDC is a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

6.      Counterclaim-Plaintiff DMED is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

7.      Counterclaim-Plaintiff DDTC is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

8.      Counterclaim-Plaintiff DSS is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

9.      Counterclaim-Plaintiff DES is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

10.     Counterclaim-Plaintiff DPD is a Delaware corporation with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

11.     Counterclaim-Plaintiff BAMTech is a Delaware limited liability company with a principal place of business at 7 Hudson Square, New York, New York 10013.

12.     Counterclaim-Plaintiff Hulu is a Delaware limited liability company with a principal place of business at 2500 Broadway, Santa Monica, California 90404.

13.     Counterclaim-Plaintiff ESPN is a Delaware corporation with a principal place of business at ESPN Plaza, Bristol, Connecticut 06010.

14.     Counterclaim-Defendants Adeia claims Adeia Technologies is a Delaware corporation with a principal place of business at 3025 Orchard Parkway, San Jose, California 95134.  Counterclaim-Defendants Adeia claims Adeia Technologies is a wholly owned subsidiary of Adeia Inc., which is a publicly traded company (ADEA), listed on NASDAQ.

15.     Counterclaim-Defendants Adeia claims Adeia Guides is a Delaware corporation with a principal place of business at 3025 Orchard Parkway, San Jose, California 95134. Counterclaim-Defendants Adeia claims Adeia Guides is a wholly owned subsidiary of Adeia Inc.

16.     Counterclaim-Defendants Adeia claims Adeia Media Holdings is a Delaware limited liability company with a principal place of business at 3025 Orchard Parkway, San Jose,

California 95134.  Counterclaim-Defendants Adeia claims Adeia Media Holdings is a wholly owned subsidiary of Adeia Inc.

**JURISDICTION AND VENUE**

17.    This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in the Complaint, under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code.

18.    Moreover, the Court has general personal jurisdiction over Adeia because each of their affiliations with the state of Delaware are so systematic and continuous to render each Counterclaim-Defendant at home in Delaware.  Specifically, Adeia claims Adeia Technologies is a Delaware corporation, Adeia Guides is a Delaware corporation, and Adeia Media Holdings is a Delaware limited liability company.

19.    This Court has personal jurisdiction over Adeia because Adeia has commenced the underlying patent infringement action in this Court.  In doing so, Counterclaim-Defendants have established minimum contacts with this forum such that the exercise of jurisdiction over Adeia would not offend traditional notions of fair play and substantial justice.

20.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), inter alia, because Adeia has submitted to the venue of this Court by filing its Complaint here. This Court has supplemental jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1367.

**FIRST COUNTERCLAIM**

**(Non-Infringement of the '639 Patent)**

21.    Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 20 as if fully set forth herein.

22.    Disney has not infringed and is not infringing, either directly or indirectly, any valid

and enforceable claim of the '639 Patent.

23.    An actual controversy exists between Disney and Adeia as to whether Disney infringes the '639 Patent, as Adeia contends, or does not do so, as Disney contends.

24.    Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney based on a patent that Disney does not infringe.

25.    Disney therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '639 Patent.

## SECOND COUNTERCLAIM

### (Non-Infringement of the '987 Patent)

26.    Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27.    Disney has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '987 Patent.

28.    An actual controversy exists between Disney and Adeia as to whether Disney infringes the '987 Patent, as Adeia contends, or does not do so, as Disney contends.

29.    Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney based on a patent that Disney does not infringe.

30.    Disney therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '987 Patent.

## THIRD COUNTERCLAIM

### (Non-Infringement of the '595 Patent)

31.    Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

32.    Disney has not infringed and is not infringing, either directly or indirectly, any valid

and enforceable claim of the '595 Patent.

33.     An actual controversy exists between Disney and Adeia as to whether Disney infringes the '595 Patent, as Adeia contends, or does not do so, as Disney contends.

34.     Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney based on a patent that Disney does not infringe.

35.     Disney therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '595 Patent.

## FOURTH COUNTERCLAIM

### (Non-Infringement of the '324 Patent)

36.     Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

37.     Disney has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '324 Patent.

38.     An actual controversy exists between Disney and Adeia as to whether Disney infringes the '324 Patent, as Adeia contends, or does not do so, as Disney contends.

39.     Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney based on a patent that Disney does not infringe.

40.     Disney therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '324 Patent.

## FIFTH COUNTERCLAIM

### (Non-Infringement of the '705 Patent)

41.     Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 40 as if fully set forth herein.

42.     Disney has not infringed and is not infringing, either directly or indirectly, any valid

and enforceable claim of the '705 Patent.

43.    An actual controversy exists between Disney and Adeia as to whether Disney infringes the '705 Patent, as Adeia contends, or does not do so, as Disney contends.

44.    Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney based on a patent that Disney does not infringe.

45.    Disney therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '705 Patent.

## SIXTH COUNTERCLAIM

### (Non-Infringement of the '428 Patent)

46.    Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47.    Disney has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '428 Patent.

48.    An actual controversy exists between Disney and Adeia as to whether Disney infringes the '428 Patent, as Adeia contends, or does not do so, as Disney contends.

49.    Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney based on a patent that Disney does not infringe.

50.    Disney therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '428 Patent.

## SEVENTH COUNTERCLAIM

### (Invalidity of the '639 Patent)

51.    Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.    One or more of the claims of the '639 Patent are invalid for failing to meet the

conditions for patentability under 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

53.     An actual controversy exists between Disney and Adeia as to whether the '639 Patent is valid, based on Adeia having filed its Complaint against Disney alleging infringement of the '639 Patent.

54.     Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney asserting invalid patents.

55.     Disney therefore seeks a declaration that one or more claims of the '639 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*

## EIGHTH COUNTERCLAIM

### (Invalidity of the '987 Patent)

56.     Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 55 as if fully set forth herein.

57.     One or more of the claims of the '987 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

58.     An actual controversy exists between Disney and Adeia as to whether the '987 Patent is valid, based on Adeia having filed its Complaint against Disney alleging infringement of the '987 Patent.

59.     Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney asserting invalid patents.

60.     Disney therefore seeks a declaration that one or more claims of the '987 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*

## NINTH COUNTERCLAIM

### (Invalidity of the '595 Patent)

61.     Disney incorporates by reference the admissions, denials, and allegations set forth

in Paragraphs 1 through 60 as if fully set forth herein.

62.    One or more of the claims of the '595 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

63.    An actual controversy exists between Disney and Adeia as to whether the '595 Patent is valid, based on Adeia having filed its Complaint against Disney alleging infringement of the '595 Patent.

64.    Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney asserting invalid patents.

65.    Disney therefore seeks a declaration that one or more claims of the '595 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*

## TENTH COUNTERCLAIM

### (Invalidity of the '324 Patent)

66.    Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 65 as if fully set forth herein.

67.    One or more of the claims of the '324 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

68.    An actual controversy exists between Disney and Adeia as to whether the '324 Patent is valid, based on Adeia having filed its Complaint against Disney alleging infringement of the '324 Patent.

69.    Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney asserting invalid patents.

70.    Disney therefore seeks a declaration that one or more claims of the '324 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*

## ELEVENTH COUNTERCLAIM

### (Invalidity of the '705 Patent)

71.     Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 70 as if fully set forth herein.

72.     One or more of the claims of the '705 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

73.     An actual controversy exists between Disney and Adeia as to whether the '705 Patent is valid, based on Adeia having filed its Complaint against Disney alleging infringement of the '705 Patent.

74.     Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney asserting invalid patents.

75.     Disney therefore seeks a declaration that one or more claims of the '705 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*

## TWELFTH COUNTERCLAIM

### (Invalidity of the '428 Patent)

76.     Disney incorporates by reference the admissions, denials, and allegations set forth in Paragraphs 1 through 75 as if fully set forth herein.

77.     One or more of the claims of the '428 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

78.     An actual controversy exists between Disney and Adeia as to whether the '428 Patent is valid, based on Adeia having filed its Complaint against Disney alleging infringement of the '428 Patent.

79.     Disney has been injured and damaged by Adeia's filing of a lawsuit against Disney asserting invalid patents.

80.     Disney therefore seeks a declaration that one or more claims of the '428 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. § 1 *et seq.*

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

81.     Disney reserves the right to allege additional counterclaims that may be developed through discovery in this Action, related proceedings, or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Disney respectfully seeks the following relief:

A.     A judgment that Adeia take nothing by way of its Complaint and the same be dismissed with prejudice;

B.     A judgment that all damages, costs, expenses, attorneys' fees, or other relief sought by Adeia be denied;

C.     A judgment and declaration that Disney has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the '639, '987, '595, '324, '705, and '428 Patents, willful or otherwise;

D.     A judgment and declaration that the '639, '987, '595, '324, '705, and '428 Patents are invalid and/or unenforceable;

E.     A judgment that this case is exceptional under 35 U.S.C. § 285 and an award to Disney of its reasonable costs and expenses of litigation, including attorneys' fees and prejudgment interest; and

F.     Such other relief as the Court shall deem just and proper.

Dated: October 31, 2025

OF COUNSEL:

Ryan K. Yagura
Xin-Yi Zhou
Laura M. Burson
Hyun Min Han
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Tel: (213) 430-6000
ryagura@omm.com
vzhou@omm.com
lburson@omm.com
kelvinhan@omm.com

Bradley M. Berg
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
Tel: (949) 823-6900
bmberg@omm.com

Khanh Leon
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
kleon@omm.com

By: /s/ *Jason J. Rawnsley*
Robert W. Whetzel (#2288)
Jason J. Rawnsley (#5379)
Gabriela Z. Monasterio (#7240)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
whetzel@rlf.com
rawnsley@rlf.com
monasterio@rlf.com

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I caused true and correct copies of the foregoing

document to be served on the following counsel in the manner indicated:

**<u>VIA EMAIL</u>**

Bradley W. Caldwell
Jason D. Cassady
John Austin Curry
Brian D. Johnston
Caldwell Cassady & Curry PC
2121 N Pearl St., Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
bjohnston@caldwellcc.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12 Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Adeia Technologies
Inc., Adeia Guides Inc., and Adeia Media
Holdings Inc.*

<u>*/s/ Jason J. Rawnsley*</u>
Jason J. Rawnsley (#5379)