IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADEIA TECHNOLOGIES, INC., ADEIA GUIDES INC. and ADEIA MEDIA HOLDINGS INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC and ESPN, INC., <br><br> Defendants. | Case No. 24-cv-1231-MN |

**AMENDED STIPULATED PROTECTIVE ORDER**

1. **PURPOSE AND LIMITATIONS OF THIS ORDER**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, and/or settling this litigation may be warranted. Thus, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **SCOPE**

Protected Material produced in this case may be labeled as one of three protected categories: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY,"

1

or "HIGHLY CONFIDENTIAL – SOURCE CODE."  For purposes of this Order, "CONFIDENTIAL" information shall mean all information or material produced for or disclosed in connection with this action that a Producing Party, including any party to this action and any non-party producing information or material, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.  "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information constitutes highly sensitive "CONFIDENTIAL" information the disclosure of which is likely to cause harm to the competitive position of the Producing Party.  "HIGHLY CONFIDENTIAL – SOURCE CODE" information includes material or information containing or substantively relating to confidential, proprietary and/or trade secret source code, design files, and other technical design files that define software, firmware, or electronic hardware descriptions written in human-readable programming language, including, for example, C, C++, Java, Python, assembler, VHDL, Verilog, and SQL ("Source Code Material").

The protections conferred by this Order cover not only Protected Material (i.e., all items or information, regardless of the medium or manner in which it is generated, stored, or maintained—including, among other things, testimony, transcripts, and tangible things—that are produced or generated in disclosures or responses to discovery in this matter and designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel (i.e., outside counsel of record, in-house counsel, and their support staff) that might reveal Protected Material.  However, the protections conferred by this Order do not cover the

following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

3.  **DURATION**

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.  **DESIGNATING PROTECTED MATERIAL**

4.1   Manner and Timing of Designations. To the extent practicable, designation under this Order requires the Producing Party to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material or to the file name of any file produced in native format. For testimony given in deposition or other proceeding, the Producing Party shall specify all protected testimony and the level of protection being asserted. The Producing Party may make that designation during the deposition or proceeding, or within 21 days after the deposition or proceeding.

4.1.1   Other than Source Code Material (addressed in ¶ 7), a Party or Non-

party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the Producing Party must designate the documents, or portions thereof, that qualify for protection under this Order.

   4.1.2 Transcripts containing Protected Material shall have a legend on the title page and all relevant pages noting the presence of Protected Material. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

  4.2 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

  **5.** **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

  5.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable (i) substantial unfairness, (ii) unnecessary economic burdens, or (iii) a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The deadlines in Sections 5.2 and 5.3 shall apply by default, but the parties may agree to modify them for a particular challenge without a Court order.

  5.2 <u>Meet and Confer</u>. The Challenging Party (i.e., a Party or Non-Party that challenges

the designation of information or items under this Order) shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

       5.3     <u>Judicial Intervention</u>. If the Parties, after good faith efforts including verbal communication among Delaware and Lead Counsel for all Parties to the dispute, cannot resolve a challenge without court intervention, the parties involved in the discovery matter or protective order dispute shall proceed in accordance with 7(g) of the Court's Scheduling Order. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

      **6.**     **<u>ACCESS TO PROTECTED MATERIAL</u>**

       6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material only for prosecuting, defending, and/or settling this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

       6.2     <u>Disclosure of CONFIDENTIAL Material Without Further Approval</u>. Unless

otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

      6.2.1    The Receiving Party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary to assist with prosecuting, defending, and/or settling this litigation, including copy vendors;

      6.2.2    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary to assist with prosecuting, defending, and/or settling this litigation, and who have signed the Agreement to Be Bound (Exhibit A);

      6.2.3    Experts retained by the Receiving Party's outside counsel of record to whom disclosure is reasonably necessary to assist with prosecuting, defending, and/or settling this litigation, and who have signed the Agreement to Be Bound (Exhibit A);

      6.2.4    The Court and its personnel;

      6.2.5    Outside court reporters and their staff, professional jury or trial consultants, and professional vendors (excluding copy vendors) to whom disclosure is reasonably necessary to assist with prosecuting, defending, and/or settling this litigation, and who have signed the Agreement to Be Bound (Exhibit A);

      6.2.6    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

      6.2.7    The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

    6.3    <u>Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval</u>.  Unless permitted in writing by the Producing Party, a Receiving Party may disclose material designated

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

    6.3.1    The Receiving Party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information to assist with prosecuting, defending, and/or settling this litigation, including copy vendors;

    6.3.2    Experts retained by the Receiving Party's outside counsel of record to whom disclosure is reasonably necessary to assist with prosecuting, defending, and/or settling this litigation, and who have signed the Agreement to Be Bound (Exhibit A), subject to the procedures in Section 6.4 below;

    6.3.3    The Court and its personnel;

    6.3.4    Outside court reporters and their staff, professional jury or trial consultants, and professional vendors (excluding copy vendors) to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

    6.3.5    The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

6.4    <u>Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to Experts</u>.  Unless agreed to in writing by the Producing Party:

    6.4.1    A Party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written disclosure to the Producing Party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume (which shall identify at least the expert's education history, employment history, all publications, and all granted and pending patent applications), (3) identifies the expert's current

employer(s), (4) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (5) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose the information to the expert shall be available to meet and confer with the Producing Party regarding any such confidentiality obligations.

       6.4.2   A Party that provides the information specified in Section 6.4.1 may disclose the Protected Material to the identified expert unless, within seven days of delivering the request, the Party receives a written objection from the Producing Party providing detailed grounds for the objection.

       6.4.3   A Party that receives a timely written objection must meet and confer with the Producing Party (through direct, voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Parties shall proceed in accordance with Section 7(g) of the Court's Scheduling Order.

7. **SOURCE CODE**

For Source Code Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following restrictions apply:

       7.1   Access to a Party's Source Code Material shall be provided only on a "standalone" computer (that is, the computer may not be linked to any public network) ("Source Code Computer") that is password protected and maintained in a secure room ("Source Code Review Room").  For Defendant, the Source Code Computer shall be located at the New York office of

outside counsel (O'Melveny & Myers LLP, 1301 Avenue of the Americas, 17th Floor, New York, NY 10019) or at another office of Defendant's outside counsel mutually agreed to by the Parties. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, camera, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

      7.2     The Source Code Computer will only be available during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not federal holidays). Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide ten (10) business days' notice of the Source Code Material that it wishes to inspect. The Receiving Party shall provide three (3) business days' notice prior to any subsequent inspections. Access to the Source Code Computer shall be permitted, after notice to the Producing Party and an opportunity to object, to no more than three (3) outside counsel representing the requesting party and five (5) experts retained by the requesting party who have been approved to review HIGHLY CONFIDENTIAL – SOURCE CODE under ¶ 6.4 of this Protective Order.

      7.3     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer. The Source Code Computer will have Notepad++ installed. The Source Code Computer will permit a reviewer to print Source Code Material to PDF for the sole purpose of requesting printouts under the terms of this Order. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code Material review, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The Producing Party may not monitor the specific activities occurring on the screen or the reviewer's notes, as the Parties acknowledge these constitute protected work product.

      7.4     The Producing Party shall produce Source Code Material in computer searchable format on the Source Code Computer as described above and in a manner that accords with how

the Source Code Material is stored in the ordinary course of business, retaining file and folder structures where possible, and shall provide software tools capable of reviewing such Material. The Receiving Party may request that specific commercially available software tools for viewing and/or searching Source Code Material be installed on the Source Code Computer, which the Producing Party shall make reasonable efforts to accommodate, provided that any licenses are paid for and procured by the Receiving Party. The Receiving Party must provide the Producing Party with such software tool(s) and licenses at least seven (7) days in advance of the inspection. Timely requests for the installation of such search software will not be unreasonably denied so long as such tools are designed for review of the relevant Source Code Material and installation of such tools does not interfere with the operation and/or security features of the Source Code Computer.

7.5     A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

7.6     No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents that must be filed or served electronically pursuant to the Court's rules, procedures, and orders. In addition, the Receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to prepare expert reports and trial exhibits, including only such excerpts as are reasonably necessary for the purposes for which such portion of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead). If a Party reasonably believes that it needs to submit a portion of Source Code Material as part of a filing with the Court, the Party shall excerpt the Source Code Material to include only the portions of Source Code Material necessary to that filing.

7.7     The Receiving Party shall be permitted to request printouts of portions of Source Code Material reasonably anticipated by the Receiving Party to be necessary for use in, and

preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons permitted access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information of the Producing Party, and such other uses to which the parties may agree or that the Court may order.  The Receiving Party shall not request printouts of Source Code Material in order to review the Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code Material for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Material in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence.  The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer in the Source Code Review Room.

       7.8      The Receiving Party may request a reasonable number of printouts of Source Code Material and up to five (5) extra photocopy sets of the printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Receiving Party shall maintain a log of all such printed or photocopied files, including the names of the reviewers and/or recipients of the copies and locations where the paper copies are stored.  Upon receiving a request for printouts from the Receiving Party, the Producing Party shall have five (5) business days to provide copies of the printouts of the requested Source Code Material.  Any printed portion of Source Code Material that consists of more than thirty (30) pages of a continuous block of Source Code Material from a single file shall be presumed to be excessive, which presumption is rebuttable and may be overcome by a showing of good cause.  If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days of receipt of a request for printed portions of Source Code Material.  The Producing Party must use its power to object reasonably and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information.  If after meeting and conferring,

the Producing Party and the Receiving Party cannot resolve the objection (where such meet and confer need not take place in person), the Parties shall proceed in accordance with Section 7(g) of the Court's Scheduling Order.  Contested source code printouts need not be produced to the requesting party until the matter is resolved by the Court.  Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper.  The Producing Party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL – SOURCE CODE" and give each page a unique identification number.

       7.9      For depositions, outside counsel for the Receiving Party may bring one printed copy of Source Code Material.  At the Receiving Party's request made at least three (3) business days prior to the deposition, the Producing Party shall be responsible for bringing up to three (3) additional printed copies of the portions of Source Code Material the Receiving Party intends to use to examine the deposition witness.  Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts, rather, the deposition record will identify the exhibit by its production numbers.

       7.10     For court proceedings, outside counsel for the Receiving Party may bring one printed copy of Source Code Material.  At the Receiving Party's request, made at least three (3) business days prior to the court proceeding, the Producing Party shall be responsible for bringing up to three (3) additional printed copies of the portions of Source Code Material the Receiving Party intends to use at the court proceeding.

       7.11     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts at all times when it is not in use.

       7.12     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Section 6.3 above to another person authorized under Section 6.3 above, on paper mailed in a secure container with a tracking number and must require a signature by the recipient.  The recipient must maintain and store the Source Code Material pursuant to Section 7.11.  Source Code Material may not be transported or

transmitted electronically over a network of any kind, including a local area network, an intranet, or the Internet, except for the transmission of completed or draft contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, and is at all times subject to the transport restrictions set forth herein.

8. **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual representing or associated with the Plaintiffs who receives access, without inadvertence, to Defendants' HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information, and any individual representing or associated with Defendants who receives access, without inadvertence, to Plaintiffs' HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patent-in-suit during the pendency of this action and for eighteen (18) months after its conclusion, including any appeals. "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or *inter partes* review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of any new or amended claims in any such proceedings.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    9.1    <u>Subpoenas and Court Orders</u>.  This order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the Producing Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

    9.2    <u>Notification Requirement</u>.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that Party must:

        9.2.1    Promptly notify the Producing Party in writing.  Such notification shall include a copy of the subpoena or court order;

        9.2.2    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

        9.2.3    Cooperate with all reasonable procedures sought by the Producing Party whose material may be affected.

    9.3    <u>Wait For Resolution of Protective Order</u>.  If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the Party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection of its confidential material in that court.

    9.4    <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who

14

becomes subject to a motion to disclose another Party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the Producing Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such documents, information, or other material; (2) not later than three (3) business days after receipt of the producing Party's notice, shall return to the producing Party (except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed) or destroy all copies of such documents, information or other material; and (3) shall certify to the producing Party that the recipient(s) have taken the aforementioned steps. The Producing Party shall provide a privilege log within three (3) business days of giving notice that certain inadvertently produced material is subject to a claim of privilege or other protection. The recipient(s) may seek to compel the production of

inadvertently produced documents or information that the producing Party has requested to claw back on the basis of attorney-client privilege, work product, or another privilege. Any such effort shall not disclose or otherwise use the content of the inadvertently produced document or information that was the subject of the claw-back request, beyond any information appearing on the privilege log. The Parties expressly acknowledge that documents that a Producing Party contends were inadvertently produced and seeks to claw back on the basis of attorney-client privilege, work product, or another privilege, must be returned and cannot be sequestered or otherwise retained by any recipient for submission to the Court. Outside counsel for the producing Party and outside counsel for the recipient(s) shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel production.

12. **FILING UNDER SEAL**

Without written permission from the Producing Party or a Court order, a Party may not file in the public record any Protected Material.  All documents of any nature, including briefs, that have or contain Protected Material and which are filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, Revised January 2023.

13. **FINAL DISPOSITION**

Within 60 days after the Final Disposition of this action, each Party shall use reasonable effort to return all Protected Material to the Producing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Material.  The Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that affirming (1) that the Receiving Party has used reasonable effort to destroy or return all the Protected Material, and (2) that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing

or capturing any of the Protected Material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies remain subject to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: December 4, 2025

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12 Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Bradley W. Caldwell
Jason D. Cassady
John Austin Curry
Brian D. Johnston
Caldwell Cassady & Curry PC
2121 N Pearl St., Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
bjohnston@caldwellcc.com

*Attorneys for Plaintiffs Adeia Technologies Inc., Adeia Guides Inc., and Adeia Media Holdings Inc.*

Respectfully submitted,

*/s/ Jason J. Rawnsley*
Robert W. Whetzel (#2288)
Jason J. Rawnsley (#5379)
Gabriela Z. Monasterio (#7240)
RICHARDS LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
rawnsley@rlf.com
monasterio@rlf.com

Ryan K. Yagura
Xin-Yi Zhou
Laura Burson
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 430-6000
ryagura@omm.com
vzhou@omm.com
lburson@omm.com

Brad Berg
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
bmberg@omm.com

17

Khanh Leon
Patric Reinbold
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006
Tel:  (202) 383-5300
kleon@omm.com
preinbold@omm.com

*Attorneys for Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, and ESPN, Inc.*

**IT IS SO ORDERED** this 4th day of December 2025.

_____
The Honorable Maryellen Noreika
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on _____ [date] in the case of *Adeia Technologies Inc. et al. v. The Walt Disney Company et al.*, Civil Action No. 1:24-cv-01231.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
             [signature]

EXHIBIT A